**Gregory Alan PANNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–98–01215–CR.**

Court of Appeals of Texas, Dallas.

Oct. 14, 1999.

John Charles Hardin, Law Offices of John Charles Hardin, McKinney, for appellant.

Tom O'Connell, Criminal Dist. Atty., McKinney, for State.

Before Chief Justice THOMAS and Justices KINKEADE and O'NEILL.

**OPINION**

Opinion By Chief Justice THOMAS.

Gregory Alan Pannell appeals his conviction for tampering with evidence. After finding appellant guilty, the trial court assessed a two-year sentence, probated for two years. In two points of error, appellant contends (1) the evidence is legally

insufficient to support his conviction and (2) there was a fatal variance between the elements alleged in the indictment and the State's evidence at trial. Because we conclude the evidence was legally insufficient, we reverse the trial court's judgment and enter a judgment of acquittal.

Plano police officer Jody Lee Privett testified that he pulled behind appellant's vehicle and turned on his lights in an attempt to stop appellant for speeding in a school zone. Appellant did not stop. Instead, Privett saw what he thought was a cigarette come out of appellant's car window. Privett then observed appellant's hand emerge through the window. Appellant was holding a baggie, which he shook. A substance fell from the baggie. Privett described the amount of substance that came out of the baggie as "just a small amount," like a "puff of smoke." Appellant then put his hand back into the car and pulled over.

Privett approached the vehicle and smelled the odor of burning marijuana. Privett asked appellant what he threw out the window, and appellant responded a "joint." Appellant told Privett he had just lit the "joint" when Privett pulled him over, so he threw it out the window. In plain view, Privett saw packages of rolling papers, a key used as a roach clip to smoke marijuana, some burned marijuana cigarettes or "roaches," and a bottle of eye drops in the center console of appellant's car. Privett also retrieved a baggie containing a green, leafy substance that he believed to be marijuana from under appellant's seat. Appellant admitted he threw marijuana from the baggie out the window.

According to Privett, appellant admitted to knowing the marijuana was evidence and that Privett was trying to stop him.[1] Privett believed appellant was attempting to conceal the marijuana, and, although appellant did not alter or destroy the marijuana, he threw it out the car window.

▮▮▮▮ In his first point of error, appellant contends the evidence was legally insufficient to support his conviction. We agree. A person commits the offense of tampering with evidence if, knowing an investigation is pending or in progress, he alters, destroys, or conceals anything with intent to impair its verity, legibility, or availability as evidence in the investigation. TEX. PEN.CODE ANN. § 37.09(a)(1) (Vernon 1994). A peace officer may make an arrest for another offense discovered during an investigation after a bona fide stop for a traffic offense such as speeding. *See Gillentine v. State*, 781 S.W.2d 382, 384 (Tex. App.-Houston [1st Dist.] 1989, no pet.); *Lee v. State*, 686 S.W.2d 255, 257 (Tex. App.-Houston [14th Dist.] 1985, pet. ref'd). However, we do not construe section 37.09(a)(1) to sanction a conviction for tampering with evidence any time a defendant alters, destroys, or conceals something that might serve as evidence in a subsequent investigation. Instead, we believe the statute requires the defendant be aware that the thing he altered, destroyed, or concealed was evidence in the investigation as it existed at the time of the alteration, destruction, or concealment.

Both appellant and the State rely on *Spector v. State*, 746 S.W.2d 945 (Tex.App.-Austin 1988, no pet.), to support their respective positions. *Spector*, however, is distinguishable from this case. Although the defendant, like appellant, was initially stopped for speeding, she tore a marijuana cigarette in half and threw the pieces in a ditch only after a trooper had smelled burnt marijuana in her vehicle, removed her from the vehicle, searched the vehicle, located the marijuana cigarette, and placed it in front of her on the trunk of her car. *Spector*, 746 S.W.2d at 946. Because the defendant did not act until the investigation turned from her speeding to her possi-

---

1. Plano police officer Don Curtis, who spoke with appellant about working off his case, similarly testified that appellant volunteered he knew he "was going to get busted, so [he] dumped the weed out the window."

ble possession of marijuana, we conclude *Spector* is not dispositive of this appeal.

In this case, Privett was investigating only a speeding violation at the time appellant threw the marijuana out his car window. There is no evidence that an investigation in which the marijuana would serve as evidence was pending or in progress. Only after Privett observed appellant empty the baggie's contents out of the car window did the investigation broaden into one involving a controlled substance.[2]

Having reviewed the evidence under the appropriate standard, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App. [Panel Op.] 1981), we conclude the evidence in this case is not legally sufficient to show appellant altered, destroyed, or concealed the marijuana knowing that an investigation was pending or in progress. Accordingly, we sustain appellant's first point of error. We need not reach his second point of error.

We reverse the trial court's judgment and enter a judgment of acquittal.

Mike Fosher, Houston, for appellant.

John B. Holmes, Robert F. McStay, Houston, for state.

---

**2.** Additionally, we note that the State was free to charge appellant with misdemeanor possession of the marijuana that was found in his car following the stop. Privett testified that the baggie he found in appellant's car contained a "usable" quantity of marijuana. *See*

Tex. Health & Safety Code Ann. § 481.121 (Vernon Supp.1999).