MARY'S OPINION HEADING 









                                                NO.
12-05-00206-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

TIMOTHY WHITLOCK,      §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            A jury convicted Appellant of the third degree felony of
tampering with physical evidence. 
Appellant pleaded true to the two enhancement allegations contained in
the indictment, and the jury assessed his punishment at imprisonment for forty
years.  Appellant presents two issues
challenging the legal and factual sufficiency of the evidence to support his
conviction.  We affirm.

 

Background








            Arp City Marshal, Stacy Langlinais, stopped Appellant for
a speeding violation.  When she questioned
Appellant about his ability to pay an outstanding traffic warrant, he reached
in his pocket, and something fell from his pocket that appeared to the officer
to be a marijuana cigarette.  When she
asked “[w]hat is that,” Appellant responded, “Oh my God,” snatched up the item
from the ground, and ate it.  Appellant
began to vomit, and Langlinais called EMS (Emergency Medical Services), but
Appellant refused treatment.  Langlinais
examined the vomit, but could not distinguish the object that Appellant had
just eaten.  While being transported
between the jail and court by  Smith
County Transport Officer April Ishee, Appellant volunteered the following: “Man,
I was drunk.  A joint fell on the
ground.  I bent down, picked it up, and
ate it.  I ate half a joint.”  Ishee testified that she did not ask
Appellant any questions and that Appellant simply volunteered the statement.

            Appellant did not testify.  At the punishment phase, the State presented
evidence that Appellant had three prior felony convictions and eight prior
misdemeanor convictions.

 

Legal and Factual Sufficiency

            In his two issues, Appellant contends the evidence is
legally and factually insufficient to support his conviction.

Standard of Review

            The standard for reviewing a legal sufficiency challenge
is whether, viewing the evidence in the light most favorable to the jury’s
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed.
2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  In the
relatively recent case of Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004), the court of criminal appeals explained the factual sufficiency
standard.

 

There
is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?  However, there are two ways in which the
evidence may be insufficient.  First,
when considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so [that] the
guilty verdict should not stand.  This
standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

 

Id. at
484-85.

Applicable Law

            Subsection 37.09(a)(1) of the Texas Penal Code provides,
in part, as follows:

 

(a)
A person commits an offense, if, knowing that an investigation or official
proceeding is pending or in progress, he:

 

(1)
alters, destroys, or conceals any record, document, or thing with intent to
impair its verity, legibility, or availability as evidence in the investigation
or official proceeding; . . . 

 

 

Tex.
Pen. Code Ann. § 37.09(a)(1) (Vernon 2003).

            The statute requires that the defendant know that an
investigation is “pending” or “in progress” when he or she alters, destroys, or
conceals the evidence.  As used in the
statute, the terms “pending” and “in progress” are not synonymous.  Lumpkin v. State, 129 S.W.3d
659, 663 (Tex. App.–Houston [1st Dist.] 2004, pet. ref’d).  “Pending” means “impending or about to take
place.  Id.; see also Model Penal Code § 241.7.

Discussion

            It is undisputed that Appellant destroyed or concealed a
marijuana cigarette by swallowing it. 
The question remaining is did Appellant act knowing that an
investigation was pending or in progress. 
Appellant contends that at the time he ingested the marijuana, the
officer’s investigation concerned only a speeding violation and an outstanding
warrant for running a stop sign and that the marijuana he ate was not relevant
to any investigation then pending or in progress.  We disagree.

            After he was stopped for speeding and after the
subsequent discovery of the outstanding traffic warrant, Appellant reached in
his right front pocket.  Officer
Langlinais testified that when Appellant withdrew his hand from his pocket, she
noticed an object fall to the ground that she believed was a marijuana
cigarette.  She told the jury that at
that time the focus of her investigation shifted to Appellant’s possible
possession of marijuana.  She immediately
shined her flashlight on the “joint” and asked, “What was that?”  Appellant said, “Oh my God,” scooped the
cigarette off the ground, and ate it. 
Very shortly thereafter, Appellant began to choke and then vomited on
the roadside.

            Appellant maintains the facts in his case are similar to
those in Pannell v. State, 7 S.W.3d 222, 223 (Tex. App.–Dallas
1999, pet. ref’d), and that the resolution of the question of his knowledge
that an investigation for possession of marijuana was pending or in progress is
governed by the holding in that case.  In
Pannell, a police officer attempted to stop the defendant for
speeding in a school zone.  Id. at
223.  When the officer turned on his
emergency lights, he saw Pannell throw what he thought was a cigarette out of
the window and then observed Pannell empty the contents of a baggie out of the
car window.  Id.  When Pannell stopped his car, he admitted to
the officer that he had thrown a marijuana cigarette out of his car window and
that the plastic bag he emptied had contained marijuana.  Id.  The court of appeals reversed Pannell’s
conviction for destroying evidence, reasoning that when Pannell threw the
marijuana from his car, the officer was investigating only a speeding
violation.  Id. at
224.  Because there was then no
investigation pending or in progress in which the marijuana would have served
as evidence, there was no evidence that Pannell destroyed the marijuana knowing
that an investigation was pending or in progress.  Id.

            In this case, Officer Langlinais’s investigation of
Appellant’s traffic violation was complete. 
There is abundant evidence that from the moment Officer Langlinais saw
the joint fall from Appellant’s pocket, Appellant realized her investigation
related to his possession of marijuana. 
When she questioned him about the cigarette, he quickly picked up the
evidence relevant to the investigation and ate it.

            Measured against the appropriate standards of review, the
evidence is both legally and factually sufficient to support Appellant’s
conviction.  Appellant’s first and second
issues are overruled.

 

Disposition

            The judgment is affirmed.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered June 21, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

(DO NOT PUBLISH)