

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00238-CR

**CHARLES GENE SCOTT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 413th District Court
Johnson County, Texas
Trial Court No. F41235

## MEMORANDUM OPINION

Appellant Charles Gene Scott was charged by indictment with the offense of tampering with physical evidence. After a bench trial, the court found Scott guilty and assessed his punishment, enhanced by two previous felony convictions, at twelve years' imprisonment. By one issue, Scott contends that the evidence is legally insufficient to support his conviction. We will affirm.

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the

evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The evidence viewed in the light most favorable to the finding of guilt is as follows. Sometime after 5:00 a.m. on January 21, 2007, Cleburne Police Officer Brian Proctor observed Scott leaving the front yard of the residence located at 319 Hollingsworth in Cleburne, Texas, a "known location for using and distributing narcotics," specifically crack-cocaine. Officer Proctor recognized Scott as a resident of the neighborhood. On an earlier occasion, Scott had informed Officer Proctor that he had been hooked on crack-cocaine for approximately thirty years, and Officer Proctor had told Scott to stay away from 319 Hollingsworth if he wanted to "get clean." Scott began riding down the street on a bicycle that had no front or rear light, which is a violation of a city ordinance. Officer Proctor had stopped Scott on several prior occasions for not having a light on his bicycle, and during at least one of the prior stops, Officer Proctor had searched Scott's pockets. Scott saw the police officers and was concerned about riding his bicycle by them because his flashlight was going out. Scott saw Officer Proctor pulling in behind him in a patrol car. Just before Officer Proctor

activated his emergency lights, Scott swerved and threw something into a nearby grassy area before returning to the street. It was still very dark in the area that morning. Officer Proctor then stopped Scott and asked him what he was doing out at that time of the morning and what the object was that had come from his hand. Scott replied that he was just riding his bicycle. Officer Proctor then searched the area where he had observed Scott throw something from his hand and found "a metal pipe with burnt residue on either end with a metal Brillo Chore Boy pad inside of it," an object that Officer Proctor described as "commonly used to smoke crack-cocaine."

A person commits the offense of tampering with physical evidence if, knowing that an offense has been committed, he alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense. TEX. PEN. CODE ANN. § 37.09(d)(1) (Vernon 2003). It is not enough that the person *know* his action will impair the availability of the object as evidence; rather, the person must *intend* to impair the object's availability. *Stewart v. State*, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007). In other words, the person's conscious objective or desire must be to impair the object's availability as evidence in any subsequent investigation. *Id.*; *see* TEX. PEN. CODE ANN. § 6.03(a) (Vernon 2003).

Citing *Pannell v. State*, 7 S.W.3d 222, 223-24 (Tex. App.—Dallas 1999, pet. ref'd), Scott first argues that the evidence is legally insufficient to support his conviction because "the only investigation that existed at the time Appellant dropped the crack pipe was violation of a municipal ordinance against bicycle riding with insufficient

lighting." *Pannell*, however, is distinguishable and, thus, does not support Scott's conclusion.

In *Pannell*, a police officer initiated a traffic stop after he observed Pannell driving in a school zone at an excessive speed. After the officer turned on his emergency lights, he observed Pannell throw a cigarette out of his car window. He then saw Pannell empty the contents of a small plastic bag through the window. After Pannell stopped, he told the officer that he had thrown marijuana from the car. The court of appeals reversed Pannell's conviction for destroying evidence, holding that at the time Pannell threw the marijuana from his car, the officer was investigating only a speeding violation. Because no investigation in which the marijuana would serve as evidence was pending or was in progress at the time he threw it from his car window, there was no evidence that Pannell destroyed the marijuana knowing that an investigation was in progress.[1] *Id.* at 224.

Unlike the defendant in *Pannell* who was apparently charged under Penal Code subsection 37.09(a)(1), which requires knowledge that an investigation was either pending or in progress, *id.* at 223 (citing TEX. PEN. CODE ANN. § 37.09(a)(1)), Scott was charged under subsection 37.09(d)(1). Under subsection 37.09(d)(1), the State is not required to prove that Scott knew an investigation was pending or in progress, TEX. PEN. CODE ANN. § 37.09(d)(1); therefore, the status of Officer Proctor's investigation is irrelevant.

---

[1] The Court of Criminal Appeals recently concluded that *Pannell* erroneously added a mental-state requirement that was not supported by the language of subsection 37.09(a)(1). *See Williams v. State*, 270 S.W.3d 140, 144 (Tex. Crim. App. 2008). However, because *Pannell* is distinguishable, we need not discuss *Williams*.

Next, citing *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex. App.—Austin 2000, no pet.), Scott contends that the evidence is legally insufficient to support his conviction because, instead of concealing the crack pipe, he exposed it to the arresting officer. But, *Hollingsworth* is also distinguishable. In *Hollingsworth*, the defendant was pursued by a police officer. He went behind a dumpster and spit out cocaine. There was evidence that it is very common to carry cocaine in the mouth, often to avoid being detected. However, the court held the evidence was insufficient to show the defendant concealed the cocaine with the intent to impair its availability as evidence in some kind of investigation, noting there was no evidence that the defendant saw the police officers in the case and then put the evidence into his mouth in order to hide it from them. *Id.* at 595. Additionally, the court noted the defendant spit out the cocaine, exposing it to view. *Id.*

Scott argues that, similarly to the defendant in *Hollingsworth*, he normally carried his crack pipe in his gloves and by dropping it, he was actually exposing it to view rather than concealing it. But, the issue in this case is not whether Scott concealed the crack pipe by carrying it in his gloves. The issue is whether Scott concealed the crack pipe by throwing it into the grassy area.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that Scott concealed the crack pipe with the intent to impair its availability as evidence in any subsequent investigation and that this evidence is legally sufficient to support the trial court's guilt finding.

Finally, citing *Stewart v. State*, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007), Scott argues that there is no evidence of his *intent* to impair the availability of the crack pipe in any subsequent investigation. Scott points to his testimony at trial in which he stated, "Really for myself, I had forgot all about that, the metal pipe that was in my glove." However, we must view all of the evidence in the light most favorable to the verdict. *Adelman*, 828 S.W.2d at 422. Furthermore, Scott's conduct alone is sufficient to infer intent. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); *Tyler v. State*, 950 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, no pet.). As detailed above, the evidence is legally sufficient to support the trial court's finding that Scott *intended* to impair the availability of the crack pipe as evidence in any subsequent investigation.

Because the evidence is legally sufficient to support Scott's conviction, we overrule his sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
 Justice Reyna, and
 Justice Davis
Affirmed
Opinion delivered and filed April 29, 2009
Do not publish
[CR25]