02-10-504-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00504-CR

 

 


 
 
 Sheila Marie Carnley
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 90th
District Court OF Young COUNTY

----------

 

OPINION

----------

 

I. 
Introduction

Appellant
Sheila Marie Carnley appeals her conviction for the felony offense of tampering
with physical evidence.  See Tex. Penal Code Ann. § 37.09 (West Supp.
2011).  Following a bench trial, the trial court found Appellant guilty and sentenced
her to fifteen years’ confinement.[1]  In two issues, Appellant
contends that the trial court erred by denying her motion for directed verdict
and that the evidence is insufficient to support her conviction.  We affirm.

II. 
Trial Testimony

Officer
William Allred testified that he was working for the Graham Police Department
on the night of February 24, 2009, and that he was operating a radar unit and
determined that a 2003 Pontiac vehicle was being driven fifty-one miles per
hour on a street with a thirty-mile-per-hour speed limit.  Officer Allred
testified that Michael Bunting was driving the Pontiac at the time and that
Appellant and an unidentified juvenile were passengers in the vehicle.

Officer
Allred attempted to initiate a traffic stop, but Bunting did not stop the
vehicle.  In fact, Bunting drove the Pontiac through town at high speed,
running two different stop signs and making several turns.  Bunting eventually
exited the Pontiac and fled on foot.  When he exited, Bunting left the Pontiac
in gear, and it rolled forward and ran into a mailbox or curb.  Officer Allred
testified that the Pontiac was evidence of a crime and that the area where
Bunting left the Pontiac was a crime scene.

Officer
Allred testified that he initially left his patrol car and pursued Bunting on
foot but that he soon returned to his patrol car and drove it closer to the
place where Bunting had run.[2]  Backup officers arrived
shortly thereafter, and Officer Allred asked Young County Sheriff’s Deputy
Shane Shockley to return to the Pontiac and secure the crime scene.

Deputy
Shockley testified that he saw the Pontiac being driven away before he arrived
at the place where Bunting had abandoned it.  Deputy Shockley pursued the
Pontiac, confirmed that the license plate matched that given to him by Officer
Allred, and conducted a traffic stop of the Pontiac.  Deputy Shockley
identified Appellant in open court as the person driving the Pontiac when he
stopped it.

Deputy
Shockley testified that he detained Appellant and the juvenile until Officer Allred
arrived and continued his investigation.  While they waited, Appellant told
Deputy Shockley that “a guy named Adrian” had been driving the Pontiac and that
she did not know anything about the man.  Deputy Shockley also testified that
he helped search the Pontiac, that there were no drugs in it, that he did not
recall Appellant having any drugs on her person, but that Bunting’s wallet was
inside Appellant’s purse.

Officer
Allred testified that he arrested Appellant for tampering with physical
evidence because she impaired the availability of the Pontiac vehicle by
driving it away from the crime scene.  Officer Allred also testified that, based
on his training, experience, and investigation of this case, he believed
Appellant knew there was an investigation in progress and intentionally drove
the Pontiac away from the crime scene with the intent of impairing its
availability as evidence.  He further testified that he would not have charged
Appellant with tampering had she only moved the Pontiac a short distance for
safety reasons.

On
cross-examination, Officer Allred agreed that he did not at any time tell
Appellant not to move the Pontiac.[3]  He also agreed that
Deputy Shockley stopped Appellant less than a mile from where Bunting initially
exited the Pontiac, that to his knowledge the Pontiac and its contents had not
changed, and that the “thrust of the charge” against Appellant was that she had
moved the car.

Appellant
admitted during her testimony that she drove the Pontiac after Bunting had fled
on foot, but she testified that no one told her not to move it.  She testified
that she moved the vehicle for safety reasons, saying that Bunting had left the
Pontiac in drive, that the vehicle was moving, and that the door was open.  Appellant
testified that she believed she could move the car and that she intended to
move the car to an area “out of the fire zone,” which she described as an area
where there were no other cars on the street.  Appellant explained, “I was very
freaked out by the whole situation and there [were] police lights everywhere
and I was scared . . . for my safety.”

Appellant
testified that she would have stopped the Pontiac even if Deputy Shockley had
not conducted the traffic stop.  She testified that she was not trying to
escape and that she would not have moved the car had she been told not to.  However,
Appellant admitted knowing that Bunting had been speeding while driving the
Pontiac and that he was attempting to flee the police on foot. Appellant also
admitted that she knew when Bunting exited the Pontiac that it was evidence,
that the area where Bunting exited the Pontiac was a crime scene, that the
officer wanted the evidence to stay at the crime scene, and that she moved the Pontiac
despite that knowledge.

III. 
Standard of Review

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v.
State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  The trier of fact is
the sole judge of the weight and credibility of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d
564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009). 
Thus, when performing an evidentiary sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the factfinder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim.
App. 2007).

The
standard of review is the same for direct and circumstantial evidence cases;
circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.  Isassi, 330 S.W.3d at 638; Hooper v. State,
214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  In determining the sufficiency of the
evidence to show an appellant’s intent, and faced with a record that supports
conflicting inferences, we “must presume—even if it does not affirmatively
appear in the record—that the trier of fact resolved any such conflict in favor
of the prosecution, and must defer to that resolution.”  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

IV. 
Discussion

Appellant
raises two issues, both of which relate to the sufficiency of the evidence. 
Her first issue alleges that the trial court erred by denying her motion for
directed verdict, and her second contends that the evidence is insufficient to
support her conviction.  Because a challenge to the denial of a motion for
directed verdict is actually a challenge to the sufficiency of the evidence, we
address Appellant’s two issues together.[4]  Canales v. State,
98 S.W.3d 690, 693 (Tex. Crim. App.), cert. denied, 540 U.S. 1051
(2003); McCown v. State, 192 S.W.3d 158, 160 (Tex. App.—Fort Worth 2006,
pet. ref=d).

A. 
Applicable Law

As
stated by the court of criminal appeals, the offense of tampering with physical
evidence under penal code section 37.09(a)(1)[5] has three elements:  “(1)
knowing that an investigation or official proceeding is pending or in progress,
(2) a person alters, destroys, or conceals any record, document, or thing, (3)
with intent to impair its verity, legibility, or availability as evidence in
the investigation or official proceeding.”  Williams v. State, 270
S.W.3d 140, 142 (Tex. Crim. App. 2008) (citing Tex. Penal Code Ann. §
37.09(a)(1)).  Explaining the two culpable mental states involved with that
offense, the court of criminal appeals has also explained as follows:

The
three elements of section 37.09(a)(1) include “two different culpable mental
states”—knowledge and intent.  The statute requires the knowledge of an
investigation and the intent to impair a thing’s availability as evidence.  As
defined by the Texas Penal Code, “[a] person acts knowingly, or with knowledge,
with respect . . . to circumstances surrounding his conduct when he
is aware . . . that the circumstances exist.”  In contrast, “[a]
person acts intentionally, or with intent, with respect . . . to a result of
his conduct when it is his conscious objective or desire to . . . cause the
result.”

Id. at
142–43 (quoting Stewart v. State, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007),
and Tex. Penal Code Ann. § 6.03(a), (b) (West 2011)).

B. 
Analysis

The
indictment alleged that Appellant, knowing that an investigation was in
progress concerning another person’s evading arrest or detention with a
vehicle, “intentionally or knowingly alter[ed] the vehicle involved, to wit: 
by moving the vehicle the other person had been driving, with intent to impair
the said vehicle’s availability as evidence in the investigation.”[6]

Appellant
first argues that there is no evidence that she intentionally and knowingly
altered the physical evidence in the case because she believed “it was safer to
move the car from the position [where] Bunting left it” and because “no law
enforcement officer told her not to move the car.”  While there is testimony
that Appellant intended to move the Pontiac to a safer location and that no one
told her not to move it, there is also testimony from Appellant herself that
she knew when Bunting exited the Pontiac that it was evidence, that the area
where Bunting exited the Pontiac was a crime scene, that the officer wanted the
evidence to stay at the crime scene, and that she moved the Pontiac anyway.  In
addition, there is evidence that Appellant did not voluntarily stop the
Pontiac, that Deputy Shockley had to make a traffic stop, and that Appellant
lied to Deputy Shockley about Bunting’s identity.  Moreover, the video
recording from Officer Allred’s patrol car at least partially contradicts
Appellant’s testimony that she needed to move the Pontiac for safety reasons
because only one car drove past the Pontiac before Appellant moved it.  Thus,
there is sufficient evidence that Appellant intentionally and knowingly altered
the Pontiac by moving it, and we overrule this portion of Appellant’s first
issue.

Appellant
also contends that the evidence is insufficient to support her conviction
because her “movement of the car did not impair the car’s ‘verity, legibility,
or availability’ in such a manner that anything of evidentiary value was
diminished in any subsequent investigation.”  In doing so, Appellant cites Hollingsworth
v. State, 15 S.W.3d 586, 594–95 (Tex. App.—Austin 2000, no pet.); Pannell
v. State, 7 S.W.3d 222, 223–24 (Tex. App.—Dallas 1999, pet. ref’d); and Spector
v. State, 746 S.W.2d 945, 945–46 (Tex. App.—Austin 1988, pet. ref’d). 
However, each case is distinguishable.  In Hollingsworth, the defendant
was charged only with concealing physical evidence, and the court held that the
defendant did not conceal evidence by carrying it in his mouth because crack
cocaine is commonly carried in a person’s mouth and because there was no
evidence that the defendant put it in his mouth to hide it from the police.  See
15 S.W.3d at 594–95.  In Spector, the defendant was charged only with
destroying physical evidence, and the court held that tearing the marijuana
cigarette into two pieces did not destroy it.  See 746 S.W.2d at
945–46.  And Pannell is inapplicable because it addressed the
defendant’s knowledge that the thing altered, destroyed, or concealed was
evidence “in the investigation as it existed at the time of the alteration,
destruction, or concealment.”  7 S.W.3d at 223.  This case involves the
alteration of physical evidence, not destruction or concealment, and there is
no dispute concerning Appellant’s knowledge that the Pontiac was evidence involved
in the ongoing investigation into Bunting’s evading arrest or detention with a
vehicle.  Thus, Appellant’s cases do not apply.

Appellant
also argues that the Pontiac itself had no “intrinsic evidentiary value”
because Officer Allred’s testimony would be sufficient to convict Bunting,
meaning Appellant could not have impaired the Pontiac’s verity, legibility, or
availability as evidence since the State did not need the Pontiac itself to
convict Bunting of evading arrest or detention with a vehicle.  But Appellant’s
argument attempts to add an additional element to her crime.  As alleged in the
indictment, the State had to prove that Appellant intentionally or knowingly
moved the Pontiac with the intent to impair its availability as evidence in the
investigation of Bunting’s evading arrest or detention with a vehicle.  The
question is thus whether Appellant intended to impair the Pontiac’s
availability as evidence by moving it, not whether she actually impaired its
availability as evidence.  See Williams, 270 S.W.3d at 142 (listing
elements of crime under penal code section 37.09(a)(1)); Stewart, 240
S.W.3d at 874 (stating that a “person acts intentionally, or with intent,
[when] it is his conscious objective or desire to . . . cause the
result”) (quoting Tex. Penal Code Ann. § 6.03(a)); see also Lewis v. State,
56 S.W.3d 617, 625 (Tex. App.—Texarkana 2001, no pet.) (stating that evidence
need not be made useless to investigation and that it is sufficient that
defendant intended to impair its usefulness).

In
that regard, there is evidence that Appellant knew the Pontiac was evidence,
that she moved it anyway, that she did not stop driving it until Deputy
Shockley conducted a traffic stop, and that she lied to Deputy Shockley about
Bunting’s identity (suggesting that she was trying to help Bunting evade
arrest).  In addition, the video recording from Officer Allred’s patrol car
contradicts Appellant’s testimony about her concern for her safety.  Moreover,
Officer Allred testified without objection that Appellant intentionally drove
the Pontiac away from the crime scene with the intent of impairing its
availability as evidence. Thus, there is sufficient evidence from which a
rational trier of fact could have found beyond a reasonable doubt that
Appellant, by intentionally or knowingly moving the Pontiac, intended to impair
its availability as evidence in the investigation into Bunting’s evading arrest
or detention with a vehicle.  See Williams, 270 S.W.3d at 142; Stewart,
240 S.W.3d at 874; see also Matson, 819 S.W.2d at 846 (addressing
standard of review on issues of intent).

Applying
the appropriate standard of review, we hold that the evidence is sufficient to
support Appellant’s conviction as charged in the indictment.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638; see
also Williams, 270 S.W.3d at 142.  We therefore overrule Appellant’s
two issues.

V. 
Conclusion

Having
overruled each of Appellant’s two issues, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DAUPHINOT,
J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED:  April 26, 2012




 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00504-CR

 

 


 
 
 Sheila Marie Carnley
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

----------

FROM THE 90th
District Court OF Young COUNTY

----------

DISSENTING
OPINION

----------

I
must respectfully dissent from the majority opinion because, based on the
reasoning of the Texas Court of Criminal Appeals in Stewart v. State,[7] the
evidence is insufficient to support Appellant’s conviction.

The
underlying offense was evading arrest or detention in an automobile.  Appellant
did not hide the automobile or change it in any way.  The police were able to thoroughly
search the automobile to see if any additional offenses were being committed. 
The automobile was not offered into evidence during any official proceeding.

As
the Texas Court of Criminal Appeals explained in Stewart, a marihuana
possession case in which the defendant police officer gave a bud of marihuana
to the suspect, thinking she would become a valuable informant,

A
person commits the offense of tampering with evidence if, knowing that an
investigation or official proceeding is pending or in progress, he . . .
alters, destroys, or conceals any record, document or thing with intent
to impair its verity, legibility, or availability as evidence in the
investigation or official proceeding.  “Intent” and “knowledge” are two
different culpable mental states.  The tampering with evidence statute requires
intent as to a particular result, namely, impairing a thing’s availability as
evidence.  A person acts intentionally, or with intent, with respect . . .
to a result of his conduct when it is his conscious objective or desire
to . . . cause the result.  By contrast:  A person acts knowingly,
or with knowledge, with respect to a result of his conduct when he is aware
that his conduct is reasonably certain to cause the result.

It
is not enough that appellant knew that his action would impair the
availability of the marihuana as evidence.  He must have intended to
impair its availability.  That is, impairing the marihuana’s availability as
evidence must have been appellant’s conscious objective or desire.  The court
of appeals erred in analyzing the sufficiency of the evidence for the culpable
mental state of knowledge when the statute proscribes the higher culpable
mental state of intent.

Moreover,
the evidence appears to be legally insufficient to show that appellant had the
conscious objective or desire to impair the availability of the marihuana as
evidence.  The missing marihuana bud would not have changed the category of the
offense, and the remaining marihuana was certainly enough to convict Lavender,
if the State was interested in pursuing a prosecution.  Indeed, appellant’s
conduct appears to have been motivated by the belief that Lavender would escape
prosecution by becoming an informant, and as a result, the entire quantity of
marihuana would be destroyed anyway.  That does not mean appellant did nothing
wrong.  At the very least, he appears to have committed the Class B misdemeanor
offense of delivery of marihuana.  But that was not the offense he was charged
with.[8]

Similarly,
in the case now before this court, moving the car would not have changed
anything about the evading-in-an-automobile offense.  No one told Appellant not
to move the automobile.  No one testified that Appellant did anything that
would have affected the State’s ability to prosecute the underlying offense. 
There is no evidence of any attempt to hide the automobile or to change it in
any way.  There was no testimony of any need to search the automobile in order
to prove the offense of evading arrest or detention in an automobile. 
Automobiles are not brought to court and offered into evidence in evading-in-an-automobile
trials.

Nothing
Appellant did could have affected the State’s ability to prosecute the case. 
Nor is there any evidence that she intended to affect the State’s ability to
prosecute the case or that she had any knowledge that moving the car could affect
the State’s ability to prosecute the case.

I
therefore must respectfully dissent.

 

LEE ANN DAUPHINOT
JUSTICE

 

PUBLISH

 

DELIVERED:  April 26, 2012









[1]Appellant pleaded true to
the repeat offender allegation in the indictment.





[2]Bunting was later arrested
for evading arrest or detention with a vehicle.





[3]The other officers who
testified also confirmed that they did not instruct Appellant not to move the
vehicle.





[4]We also note that a motion
for directed verdict is not procedurally correct in a bench trial and that a
motion for judgment of acquittal would be more appropriate.  See State v.
Lewallen, 927 S.W.2d 737, 739 n.2 (Tex. App.—Fort Worth 1996, no pet.)
(citations omitted); see also Davis v. State, No. 05-95-01652-CR, 1997
WL 214792, at *4 n.3 (Tex. App.—Dallas May 1, 1997, pet. ref’d) (not designated
for publication).  However, we address Appellant’s first issue on its merits
because it is clear from the context of the record that the trial court
understood her counsel’s motion once the State rested.





[5]Neither party mentions that
the language used in the indictment clearly refers to penal code section
37.09(a)(1) (tampering with evidence with knowledge that an investigation is
in progress) while the trial court’s judgment refers to penal code section
37.09(d)(1) (tampering with evidence with knowledge that a crime has been
committed).  Compare Tex. Penal Code Ann. § 37.09(a)(1), with id.
§ 37.09(d)(1).  Both offenses, as applicable here, are third degree felonies, see
id. § 37.09(c), and the other material elements of each crime are the
same.  See id. § 37.09(a)(1), (d)(1).  Because the language in the
charging paragraph of the indictment clearly refers to an offense under section
37.09(a)(1), we analyze the sufficiency of the evidence under that section
rather than under section 37.09(d)(1).  We also reform the trial court’s
judgment to reflect that the applicable statute is penal code section
37.09(a)(1).  See Rhoten v. State, 299 S.W.3d 349, 356 (Tex.
App.—Texarkana 2009, no pet.); see also Blavier v. State, No.
06-11-00147, 2011 WL 6288046, at *2 (Tex. App.—Texarkana Dec. 15, 2011, no
pet.) (mem. op., not designated for publication) (reforming judgment to reflect
plea of not true instead of plea of true).





[6]The parties each assume
that Appellant altered the Pontiac by moving it.  Because it is not an issue in
this appeal, we express no opinion as to whether Appellant’s movement of the
Pontiac constituted an alteration as required by penal code section
37.09(a)(1).  See Tex. R. App. P. 47.1, 47.4.





[7]240 S.W.3d 872, 873–74
(Tex. Crim. App. 2007).





[8]Id. (internal
citations and quotation marks omitted).