

NUMBER 13-13-00067-CR
NUMBER 13-13-00068-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FELIPE DIAZ,                                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

**On appeal from the 130th District Court
of Matagorda County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez, Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By two issues, appellant Felipe Diaz appeals his conviction for tampering with physical evidence and possession of less than one gram of cocaine with intent to deliver. *See* TEX. PENAL CODE ANN. § 37.09 (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (West 2010). We affirm.

## I. BACKGROUND

On May 19, 2010, Chief David Miles of the Palacios Police Department went to appellant's house with a group of officers to execute a search warrant. Chief Miles obtained the warrant after a confidential informant told him that appellant was selling cocaine out of his house. Chief Miles knocked on the front door and announced that they were police and there to execute a search warrant. When there was no answer, Chief Miles instructed Officer Robin Riley to try to enter through the back door while Chief Miles tried to break down the front door. Officer Riley gained entry first, identified herself as a police officer with a search warrant, and encountered appellant "coming out of [a] room across the hallway." Officer Riley testified that appellant said that he had just been in the bathroom. Officer Riley brought appellant to the front of the house at the same time that Chief Miles finally gained entry through the reinforced front door by using a sledgehammer. Chief Miles asked appellant why he didn't answer the door, and appellant repeated that he "was in the bathroom." Chief Miles and the officers placed handcuffs on appellant and commenced a search of the house. The search disclosed a safe in appellant's bedroom that contained, among other things, a rock of crack cocaine, various jewelry, bank wrappers for one-thousand dollar bills, and "marked" money used by police in a previous controlled drug buy.[1] In the bathroom that appellant was exiting when Officer Riley encountered him, police found cocaine around the rim of the toilet and flecks of cocaine in the toilet water. The State charged appellant with one count of tampering with physical evidence and one count of possession of less than one gram of

---

[1] The search also disclosed a "shrine" in a cabinet with candles burning over a newspaper picture of Chief Miles, a list of the names of other Palacios police officers who had participated in prior narcotics investigations, and a separate list of the names of people in the local community who might be police "snitches."

cocaine with intent to deliver. *See* TEX. PENAL CODE ANN. § 37.09; TEX. HEALTH & SAFETY CODE ANN. § 481.112(b). The jury found appellant guilty and assessed punishment at twenty years' imprisonment and a $5,000 fine on the evidence tampering charge, and two years in state jail and a $5,000 fine on the possession charge.[2] This appeal followed.

## II. DISCUSSION

### A. Sufficiency of the Evidence

We understand appellant's brief as raising two related points that the evidence was insufficient to prove that: (1) appellant destroyed cocaine by flushing it down the toilet, and (2) appellant knew that a narcotics investigation was ongoing at the time he allegedly flushed the cocaine down the toilet.

### 1. Standard of Review and Applicable Law

In a legal sufficiency review, "a reviewing court views all of the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). This same standard applies to both circumstantial and direct evidence because "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial

---

[2] The tampering with evidence charge was enhanced to a second-degree felony by a prior felony conviction for delivery of a controlled substance. *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2011).

3

evidence alone can be sufficient to establish guilt." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (citing *Hooper*, 214 S.W.3d at 13). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Id.* (citing *Jackson*, 443 U.S. at 326).

We measure the sufficiency of the evidence supporting a conviction by the elements of the offense, which "are defined by the hypothetically correct jury charge for the case." *Ramos v. State*, 407 S.W.3d 265, 269 (Tex. Crim. App. 2013) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

> The Texas Court of Criminal Appeals has explained that:
>
> Three elements define the offense of tampering with physical evidence: (1) knowing that an investigation or official proceeding is pending or in progress; (2) a person alters, destroys, or conceals any record, document, or thing, (3) with the intent to impair its verity, legibility or available as evidence in the investigation or official proceeding.

*Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008) (citing TEX. PENAL CODE ANN. § 37.09(a)(1)). The statute requires "two different culpable mental states— knowledge and intent." *Id.* (citing *Stewart v. State*, 240 S.W.3d 872, 784 (Tex. Crim. App. 2007)). "The statute requires the knowledge of an investigation and the intent to impair the thing's availability as evidence." *Id.* Under the Texas Penal Code, "[a] person acts knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the

4

circumstances exist." TEX. PENAL CODE ANN. § 6.03(c) (West 2011). "A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." *Id.* § 6.03(a).

The indictment in this case specifically alleged that appellant "knowing that an investigation was in progress, to-wit: [n]arcotics investigation, intentionally or knowingly [did] destroy drugs to-wit: cocaine, with intent to impair its availability as evidence in the investigation."

## 2. Analysis

Appellant first argues that the evidence is insufficient to show that he actually destroyed cocaine by flushing it down the toilet. Appellant argues that the State did not prove that he flushed the cocaine because it could have been introduced into the toilet at any time during the day. Furthermore, if appellant had flushed the toilet immediately before Officer Riley encountered him it would still have been refilling when Officer Riley entered, but Officer Riley testified that she did not recall if she heard the sound of water running as she entered the house. Appellant contends that this indicates that the cocaine was introduced into the toilet at an earlier time because Officer Riley recalled hearing other noises during her entry, such as the noise from window air conditioning units and the sounds of Chief Miles attempting to break through the front door with a sledgehammer. Appellant's argument is essentially that there is no direct evidence that he flushed cocaine down the toilet, but the State may prove its case by circumstantial evidence. As noted above, "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Merritt*, 368 S.W.3d at 525. "In circumstantial evidence cases, it is

not necessary that every fact and circumstance 'point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances.'" *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013) (quoting *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)). The State presented evidence that: (1) Officer Riley encountered appellant coming out of the bathroom where cocaine was found around the rim of the toilet bowl and in the toilet water; (2) appellant twice told the police that he "was in the bathroom" at the time that Chief Miles knocked on the door; and (3) there was no other person in the house. Viewing this evidence as we must in the light most favorable to the verdict, we conclude that a reasonable jury could infer from this evidence that appellant had flushed cocaine down the toilet just prior to the time that Officer Riley detained him in the hallway.[3] *See Garcia*, 367 S.W.3d at 686–87.

Appellant next argues that there was no evidence that "[a]ppellant was aware the police were there for the purpose of investigation of drugs," so the State failed to prove that he acted with the requisite intent to destroy the cocaine in order to impair its use as evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(1). Appellant argues that he did not hear either Chief Miles or Officer Riley identify themselves as police officers or, alternatively, that the announcement was a general statement that an investigation was

---

[3] We interpret appellant's issue on appeal as arguing that there is no evidence that it was appellant who flushed the cocaine down the toilet, but appellant's issue also contains language that could be read as challenging whether the evidence is sufficient to prove that appellant ever possessed any more cocaine than what was found around the rim of the toilet bowl and in the toilet water, meaning that no cocaine was actually destroyed. To the extent that appellant is making that argument, we conclude that a reasonable jury could infer that appellant had flushed cocaine down the toilet based on the evidence that there was cocaine found around the rim of the toilet bowl and in the toilet water, and appellant had just exited the bathroom. *See Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013) (observing that "[i]n circumstantial evidence cases, it is not necessary that every fact and circumstance point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances").

in progress and was not sufficient to inform appellant that he was being investigated for drugs.  Regarding the first part of the argument, the evidence is sufficient for the jury to draw a reasonable inference that appellant heard the announcements and acknowledged hearing them when he told both Officer Riley and Chief Miles that the reason he did not answer the door was because he was "in the bathroom."

Regarding the second part of the argument, the Texas Court of Criminal Appeals has expressly rejected the argument that the charged "person must be 'aware that the thing he altered, destroyed, or concealed was evidence in the investigation as it existed at the time of the alteration, destruction, or concealment.'"  *Williams*, 270 S.W.3d at 144 (quoting *Pannell v. State*, 7 S.W.3d 222, 223 (Tex. App.—Dallas 1999, pet. ref'd)).  The court distinguished *Pannell*, and held that the statute only requires two mental states: "knowledge of an investigation and the intent—the conscious objective—to impair a thing's availability as evidence in the investigation."  *Id.*  The statute does not require that the destroyed thing be the type of evidence that the investigation in progress seeks, only that the defendant knew that an investigation was in progress and intended to prevent the destroyed thing's use as evidence in that investigation.  *See id.* at 145 (holding that the evidence was sufficient to convict the defendant for evidence tampering when the defendant, knowing that a weapons investigation was in progress, stepped on a crack pipe that had fallen from his clothes with the intent to prevent its use as evidence against him in the investigation).  In this case, there was sufficient evidence to prove that appellant knew an investigation was underway based on the announcements made by Chief Miles and Officer Riley, which appellant acknowledged hearing while he was in the bathroom where cocaine was later discovered.

7

In sum, we conclude that the evidence is sufficient for a rational jury to find that appellant destroyed cocaine by flushing it down the toilet when he knew that an investigation was in progress and that he did so with the intent to destroy the cocaine in order to impair its use as evidence as alleged in the indictment. *See id.*; *Garcia*, 367 S.W.3d at 686–87. We overrule appellant's first issue.

## B. Ineffective Assistance of Counsel

By his second issue, appellant argues that his trial counsel performed below the standard for competent representation guaranteed under the state and federal constitutions because counsel essentially admitted in his closing argument that appellant was guilty of both the possession and the tampering with evidence charges.

### 1. Standard of Review and Applicable Law

We evaluate claims of ineffective assistance under the standards set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Under the *Strickland* standard, appellant must show by a preponderance of evidence that: (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Strickland*, 466 U.S. at 687. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ex parte Ellis*, 233 S.W.3d 324, 330–31 (Tex. Crim. App. 2007). If an appellant fails to prove one prong of the test, we do not need to address the other prong. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

8

When evaluating the quality of trial counsel's representation, we look to "the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Even though "a single egregious error of omission or commission" can constitute ineffective assistance, the Texas Court of Criminal Appeals has been hesitant to designate any particular error as ineffective assistance per se. *Id.* We apply "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* Allegations of ineffectiveness must therefore be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually inadequate to make an ineffectiveness claim because the record is frequently undeveloped. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The Texas Court of Criminal Appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)). Unless counsel had an opportunity to explain his trial strategy, Texas appellate courts should "not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed,* 187 S.W.3d at 392 (quoting *Garcia,* 57 S.W.3d at 440).

### 2. Analysis

Appellant argues that his trial counsel was ineffective because he essentially conceded appellant's guilt on both the possession charge and the tampering charge. Trial counsel made this statement as part of his closing argument to the jury:

9

> Is it beyond a reasonable doubt to believe that [appellant] was in there using crack cocaine and he hears a noise, hears the banging, the air-conditioners are running, it's early in the morning and he takes whatever he's got, shakes it down in there, puts the can in there and goes out to find out who it is? Is that beyond a reasonable doubt? Is that – is that a real possibility? There certainly are other possibilities, and that's what the State's here about. But there are alternate possibilities as well and I suggest to you that my client being a user not a dealer was doing something to that effect at the time.

Later in his closing statement, counsel also said that "yes, [appellant is] guilty of possession of a controlled substance." Appellant argues that these statements constituted an admission of guilt on both charges and that the admission constituted deficient performance because "[f]or an advocate to admit his client's guilt is tantamount to the prosecution of his own client." We interpret appellant as asserting that his case is one of the "narrow class of cases where the particular circumstances 'are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'" *United States v. Williamson*, 53 F.3d 1500, 1510 (5th Cir. 1995) (quoting *United States v. Cronic*, 466 U.S. 648, 687 (1984)). If a defendant can prove that such circumstances exist in his case, we will presume prejudice. *Id.* at 1511. The Fifth Circuit has held that "the admission by counsel of his client's guilt to the jury[] represents a paradigmatic example of the sort of breakdown in the adversarial process that triggers a presumption of prejudice." *Id.*

We disagree that trial counsel's admissions rose to the level of an admission of guilt. In cases where courts found that a defendant's trial counsel performed deficiently by admitting the defendant's guilt during closing argument, the defendant's trial counsel admitted the only contested issues. *Compare United States v. Swanson*, 943 F.2d 1070, 1074 (9th Cir. 1991) (finding that trial counsel caused a "breakdown in our

10

adversarial system of justice" when he admitted that "there was no reasonable doubt" concerning whether the defendant was guilty of the bank robbery charge) *with Hathorn v. State*, 848 S.W.2d 101, 118 (Tex. Crim. App. 1992) (finding that it was not ineffective assistance to concede that the defendant killed his father but argue to the jury that the defendant was actually guilty of a lesser included offense); s*ee Williamson*, 53 F.3d at 1511 (collecting cases similar to *Swanson*). In this case, in contrast, counsel contested elements of both of the charged offenses.

Regarding the first offense, the State charged appellant with possession of cocaine in an amount less than one gram with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b). The hypothetically correct jury charge for that offense required the State to prove that appellant: (1) knowingly or intentionally, (2) possessed, (3) cocaine, (4) in an amount of less than one gram, (5) with the intent to deliver the cocaine. *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Appellant's trial counsel admitted that appellant possessed a controlled substance, which is a lesser included offense of possession with intent to deliver, but contested the issue of whether appellant intended to deliver the cocaine to anyone.[4]

Regarding the second charge, the offense of tampering with evidence has three elements: "(1) knowing that an investigation or official proceeding is pending or in progress; (2) a person alters, destroys, or conceals any record, document, or thing, (3)

---

[4] Appellant argues additionally that this strategy had "no value" because the offense of possession of less than a gram of cocaine, and possession of less than a gram of cocaine with intent to deliver, are both state jail felonies with the same range of punishment. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(b), 481.115(b) (West 2010). However, as we explained, it is not ineffective assistance of counsel to admit guilt but argue that a defendant is actually guilty of a lesser included charge. *See Hathorn v. State*, 848 S.W.2d 101, 118 (Tex. Crim. App. 1992); *see also Brown v. State*, 866 S.W.2d 675, 681 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("A defendant's trial counsel does not necessarily render ineffective assistance of counsel even by conceding the defendant's guilt."). We note that even though appellant challenges his trial counsel's decision to admit that appellant possessed cocaine, appellant does not challenge the sufficiency of the evidence to support the verdict on that charge.

11

with the intent to impair its verity, legibility or available as evidence in the investigation or official proceeding." *Williams*, 270 S.W.3d at 142. Appellant's trial counsel argued strongly that even if appellant did destroy the cocaine, he could not have acted with the intent to impair its use as evidence in an investigation because he was not aware of an investigation. Because appellant has not established that his trial counsel admitted his guilt, we conclude that appellant has not established the "the sort of breakdown in the adversarial process that triggers a presumption of prejudice." *Williamson*, 53 F.3d at 1511. Accordingly, we overrule appellant's second issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of January, 2014