ACCEPTED
03-14-00570-CR
12977510
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/29/2016 2:22:40 PM
JEFFREY D. KYLE
CLERK

## 03-14-00570-CR

| | | |
|---|---|---|
| **ERIC BYRON CRAYTON** | § | **IN THE THIRD** |
| | § | 3rd COURT OF APPEALS |
| | § | AUSTIN, TEXAS |
| **V.** | § | **COURT OF APPEALS** |
| | § | |
| **THE STATE OF TEXAS** | § | **AUSTIN, TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/29/2016 2:22:40 PM
JEFFREY D. KYLE
Clerk

### STATE'S LETTER OF AN ADDITIONAL AUTHORITY

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes the State of Texas, Appellee in the above-styled and -numbered cause, and files this its *Letter of an Additional Authority*. The State submitted its brief on July 3, 2015. In both Appellant's Brief (February 2, 2015) and Reply Brief (August 17, 2015), Appellant relied in part on *Pannell v. State*, 7 S.W.3d 222, 223 (Tex. App.—Dallas 1999, pet. ref'd), arguing that "the defendant [must] be aware that the thing he altered, destroyed or concealed was evidence in the investigation as it existed at the time...." Reply Brief at 12. Although *Pannell* is not 'red flagged' in Westlaw, while researching another case today, the State located the Court of Criminal Appeals case *Williams v. State*, in which the Court stated:

> *Pannell* grafts a fourth element onto section 37.09(a)(1), and a narrow reading of the statute does not support *Pannell's* conclusion that a person must be "aware that the thing he altered, destroyed, or concealed was evidence in the investigation as it existed at the time of the alteration, destruction, or concealment." .... By not requiring an exercise in evidentiary theory, the statute is more reflective of investigatory reality, envisioning an offender who intends for, but is not necessarily aware of, the impairment of something's role as evidence in the investigation.

1

In conclusion, Appellant's challenge depends upon an additional element to section 37.09(a)(1), introduced by *Pannell.* This element is not supported by the language of the statute and, therefore, Appellant's challenge has no statutory foundation. Moreover, *Pannell's* fourth element renders the statute impractical and unfit for its purpose.

270 S.W.3d 140, 144 (Tex. Crim. App. 2008). Accordingly, the State submits the foregoing *Letter of an Additional Authority* in the instant case.

Respectfully submitted,

/s/ Joshua D. Presley
**Joshua D. Presley** SBN: 24088254
preslj@co.comal.tx.us
Comal Criminal District Attorney's Office
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Ph: (830) 221-1300 / Fax: (830) 608-2008

## **CERTIFICATE OF SERVICE**

I, Joshua D. Presley, Assistant District Attorney for the State of Texas, Appellee, hereby certify that a true and correct copy of this *State's Letter of an Additional Authority* has been delivered to Appellant ERIC BYRON CRAYTON's attorney in this matter:

Richard E. Wetzel
wetzel_law@1411west.com
1411 West Avenue
Austin, TX 78701
*Counsel for Appellant on Appeal*

by electronically sending it to the foregoing email address through efile.txcourts.gov, this 29th day of September, 2016.

/s/ Joshua D. Presley
**Joshua D. Presley**

2