Opinion filed April 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00111-CR

_____

## JAMES AUTRY WHITED, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 207th District Court**

**Comal County, Texas**

**Trial Court Cause No. CR2008-206**

## MEMORANDUM OPINION

The jury convicted James Autry Whited of two counts of tampering with physical evidence and of one count of theft of property greater than $20,000 but less than $100,000. *See* TEX. PENAL CODE ANN. §§ 31.03, 37.09 (West Supp. 2012). After finding three enhancement paragraphs true, the trial court assessed punishment at confinement for thirty-two years in the Institutional Division of the

Texas Department of Criminal Justice for each count, set to run concurrently. Appellant argues five issues on appeal. We affirm.

In Appellant's first three issues, he challenges the sufficiency of the evidence to support the verdict for each of the three counts of which he was convicted. We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

On the evening of December 26, 2007, Detective Hiram Munoz of the Comal County Sheriff's Office saw Appellant driving a pickup that was pulling a Top Hat trailer, which carried a Bobcat skid-steer loader. Finding it out of the ordinary that construction equipment was being transported at night, Detective Munoz ran the license plate on the trailer. The license plate had expired in November, and the trailer was registered as a homemade trailer rather than as a manufactured trailer, which it appeared to Detective Munoz to be. Detective Munoz also noticed that the VIN tag on the trailer had been removed. Based on this information, Detective Munoz initiated a traffic stop and placed Appellant under arrest for improper registration of a trailer. Detective Munoz noted in his testimony that, at the time of the arrest, the Bobcat had not been reported stolen. Following the stop, Detective Munoz asked Appellant to follow him to the sheriff's impound lot and to park the pickup and trailer near the gate. Appellant complied. After he parked the pickup and trailer, Appellant was booked

2

into jail for the improper registration, and the trailer and Bobcat were moved into the lot and impounded. Appellant was released from jail the following morning.

That same night, Detective Munoz called Detective John Bailey of the Comal County Sheriff's Office and asked him to come to the sheriff's department. Once there, Detective Bailey inspected the trailer and the Bobcat, specifically looking for identifying numbers to determine whether the equipment was stolen. The next day, using the information he found, Detective Bailey obtained the contact information of Andre Leal, the owner of the Bobcat. Detective Bailey confirmed with Leal that Leal was the owner of the Bobcat and that the Bobcat was missing from Leal's property in Williamson County. Detective Bailey told Leal to make a report with the Williamson County Sheriff's Office and explained to him that he would be able to retrieve the Bobcat from the impound lot after the investigation was complete. Within days of the initial arrest, Detective Bailey was also able to track down the owner of the trailer and confirm with him that he had previously reported the trailer stolen in Bandera County.

On December 30, Detective Bailey received a call from Leal in which Leal informed Detective Bailey that the Bobcat was now parked on Leal's property in the same place from which it was originally stolen. After confirming that the serial number of the Bobcat on Leal's property matched the serial number from his report, Detective Bailey went to the lot and saw that the Bobcat was missing. He observed that, in addition to the fact that the Bobcat was gone, the Top Hat trailer upon which the Bobcat had been sitting had been moved about ten feet; two holes had been cut in the fence of the impound lot; and a Big Tex trailer that had been parked in the impound lot was missing. It appeared to Detective Bailey that the Bobcat was driven off of the Top Hat trailer and then used to drag the Big Tex trailer outside the fence to a nearby service road.

The Big Tex trailer was later found—along with other trailers that had been reported stolen—on a piece of property that Appellant was in the process of buying and over which he exercised control. The Big Tex signs that were on the trailer when it was in the impound yard had been removed, and the area of the trailer where the signs had been was spray-painted blue. Additionally, the license plate that was on the trailer matched a registration for a homemade trailer registered to Appellant. The registration date of the license plate was December 27, 2007—the day Appellant was released from jail after being arrested with the Bobcat and Top Hat trailer.

In his first issue, Appellant contends that the evidence is insufficient to support his conviction under Count One. Count One alleged that Appellant concealed the Bobcat skid-steer loader "with intent to impair its verity or availability as evidence." Specifically, Appellant argues the evidence is insufficient to prove the mens rea element of the offense.

Appellant is correct in his assertion that impairing the Bobcat's availability as evidence must have been Appellant's conscious objective or desire in order for the evidence to be sufficient to support his conviction. *Stewart v. State*, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007). However, we disagree with his position that, because the Bobcat was returned to its owner, *ipso facto*, the evidence is insufficient for a rational trier of fact to have found that Appellant intended to impair its availability as evidence. Mental culpability is of such a nature that it generally must be inferred from the circumstances under which the prohibited act occurred. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978); *Russo v. State*, 228 S.W.3d 779, 793 (Tex. App.—Austin 2007, pet. ref'd); *Skillern v. State*, 890 S.W.2d 849, 880 (Tex. App.—Austin 1994, pet. ref'd). A culpable mental state may be inferred by the trier of fact from the accused's acts, words, and conduct. *Dues v. State*, 634 S.W.2d 304, 306 (Tex. Crim. App. 1982); *Skillern*,

4

890 S.W.2d at 880; *Fuentes v. State*, 880 S.W.2d 857, 860 (Tex. App.—Amarillo 1994, pet. ref'd). A defendant's intent or knowledge is a question of fact to be determined from the totality of the circumstances. *See Smith v. State*, 965 S.W.2d 509, 513 (Tex. Crim. App. 1998).

As outlined above, the jury heard evidence that an investigation of the circumstances surrounding the Bobcat and the Top Hat trailer was in process when the Bobcat and the Big Tex trailer were removed from the impound lot. Within days, the Big Tex trailer was found on property controlled by Appellant. Identifying details of the trailer had been altered, including the removal of the manufacturer's logos, the recently spray-painted areas, and the placement of the new license plate, which was registered by Appellant the day he was released from jail. That the Bobcat ultimately reappeared on Leal's property does not change the fact that it was removed from the sheriff's impound lot in the midst of an investigation and was, therefore, unavailable as evidence and outside the sheriff's control during the time it was missing. As such, it was not unreasonable for the jury to infer that Appellant had the conscious objective or desire to impair the Bobcat's availability as evidence. *Stewart*, 240 S.W.3d at 874. Viewing all of the evidence in the light most favorable to the verdict, a rational trier of fact could have found that Appellant intended to impair the Bobcat's availability. *Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638. Issue One is overruled.

In his second issue, Appellant contends that the evidence is insufficient to support Appellant's conviction under Count Two. Count Two alleged that Appellant, "knowing that an offense [theft of property] had been committed," concealed the Big Tex trailer "with intent to impair its verity or availability as evidence in any subsequent investigation of or official proceeding related to said offense." Specifically, Appellant argues that the evidence is insufficient to prove knowledge of an investigation or proceeding. Here, Appellant's argument seems

5

to be that the State did not prove that the trailer was concealed when Appellant knew of an investigation or proceeding because (1) the only investigation of which Appellant was aware was the investigation involving the registration of the Top Hat trailer he was towing at the time of the traffic stop and (2) the concealment and alteration of the Big Tex trailer had no relation to the theft of the Bobcat or Top Hat trailer. In support of this argument, Appellant directs us to *Williams v. State*, 270 S.W.3d 140 (Tex. Crim. App. 2008).

However, Appellant's reliance upon *Williams* for this specific argument is misplaced. In *Williams* the court addressed an indictment that alleged a violation under Section 37.09(a)(1) of the Texas Penal Code. *Williams*, 270 S.W.3d at 144; *see* PENAL § 37.09(a)(1) ("A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he: (1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding."). In this case, Appellant is charged under Section 37.09(d)(1), which provides, "A person commits an offense if the person: (1) knowing that an offense has been committed, alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense." PENAL § 37.09(d)(1). As such, the State was not required to prove that the concealment occurred while an investigation or official proceeding was pending or in progress. Instead, the requisite culpable mental state was knowledge that an offense had been committed—specifically, theft of property.[1]

We hold that a rational jury could have found beyond a reasonable doubt that Appellant, "knowing that an offense [theft of property] had been committed,"

---

[1]We note that Section 37.09(d)(1) includes two different culpable mental states. Here, however, Appellant has not challenged the second of the two; therefore, we do not address it.

concealed the Big Tex trailer with intent to impair its verity or availability as evidence in any subsequent investigation of or official proceeding related to said offense. The evidence outlined above is sufficient to show that, when Appellant concealed the Big Tex trailer, he knew that it had been stolen. Issue Two is overruled.

In his third issue, Appellant contends that the evidence is insufficient to support his conviction under Count Three. Count Three alleged that Appellant unlawfully appropriated property—the Bobcat skid-steer loader—valued at $20,000 or more but less than $100,000. Specifically, Appellant argues the evidence is insufficient to prove that the Bobcat was taken with the intent to deprive the owner of the property. In support of his argument, Appellant directs our attention to the definition of "deprive" in the Penal Code:

> (A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;

> (B) to restore property only upon payment of reward or other compensation; or

> (C) to dispose of property in a manner that makes recovery of the property by the owner unlikely.

TEX. PENAL CODE ANN. § 31.01(2) (West Supp. 2012). Appellant contends that, because the Bobcat was returned to Leal's property, the evidence is insufficient to prove this element beyond a reasonable doubt. In this issue, Appellant does not challenge the status of the Comal County Sheriff's Office as the owner of the Bobcat under the indictment.

As recounted above, the record reflects that someone entered the impound yard, cut holes in the lot's fence, and removed the Bobcat from the lot. Within the next four days, the Bobcat was returned to its original owner, Leal. That the

7

Bobcat was returned to Leal does not necessitate a conclusion that Appellant did not intend to withhold property from the Comal County Sheriff's Office permanently or for so extended a period of time that a major portion of the value of the property was lost to it. Nor does it require a conclusion that Appellant did not intend to dispose of property in a manner that made recovery of the property by the Comal County Sheriff's Office unlikely. And the jury was not unreasonable in making such a conclusion based on the evidence and any reasonable inferences from it. Issue Three is overruled.

In his fourth issue, Appellant contends that his conviction under count three of the indictment violates double jeopardy. He argues that his conviction is barred because the record reflects that he was previously convicted of the theft of the Bobcat in Williamson County.

Appellant concedes that he is raising the double jeopardy claim for the first time on appeal. Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). However, due to the fundamental importance of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal when the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate purpose. *Id.* at 643. Therefore, we must first determine whether the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record.

In their briefs, both Appellant and the State agree that Appellant was previously convicted of theft of the Bobcat. The facts surrounding and in support of that conviction, however, are disputed. The State argues that Appellant was previously convicted for the theft of the Bobcat from Leal's property in Williamson County. Although Appellant does not explicitly state that the previous

8

conviction was based on the same set of facts as the one at issue in this appeal, he does seem to suggest as much. Specifically, he argues that the record reflects the "prior conviction for the offense in Williamson County involved the same victim and the same date." In support of this contention, he directs us to the following portion of the record, in which the parties discuss the admissibility of the prior conviction outside the presence of the jury:

> THE COURT: And right now it appears that it's just a straightforward theft by acquiring, obtaining. He pled guilty to that. And I think the issue is in evidence by asking, you know, different people that you -- you know including the victim, you can't say that you have ever seen this man before. You can't say that he came and stole it. But then you look at the indictment, it says basically I think by acquiring and he pled guilty to that.

> [PROSECUTOR]: Yes, sir.

> THE COURT: You know, how do you know that has to do -- it does say the skid loader; correct?

> [PROSECUTOR]: Yes, it says that specifically same victim, same date and it connects it with the same cause number.

Appellant contends that the State's statement concerning the same victim and same date undisputedly shows that the previous conviction was based on the same facts as the one at issue here. We do not draw that same conclusion. The record does not contain the previous indictment. It does not contain the previous judgment. There is no testimony in the record concerning the conviction or any details about it. The State points to the words of Appellant's trial counsel following the above exchange, which provides, "my objection is basically that it's -- you had ruled on the motion in limine and I believe it's still considered an extraneous offense because it was an offense out of a different county regarding a particular theft that I believe is prejudicial to our case." The State argues that,

9

when read in context, the aforementioned portion reflects that the State "was explaining that the judgment and conviction related to the victim/witness, Mr. Leal, who was on cross-examination by the Appellant" at the time this exchange took place. Whether or not we agree with the State's conclusion, the undisputed facts do not show that the double jeopardy violation is clearly apparent on the face of the record. In this case, Appellant was charged in Count Three with stealing the Bobcat on December 30, 2007, from the Comal County Sheriff's Office, not from Leal. Therefore, we hold that the double jeopardy claim may not be raised for the first time on appeal. Issue Four is overruled.

In his fifth issue, Appellant contends that the trial court abused its discretion when it admitted evidence of two extraneous offenses. The two offenses Appellant complains about came into evidence over Appellant's objection under TEX. R. EVID. 403 when Texas Department of Public Safety Sergeant Andrew Priddy testified that he found two additional stolen trailers on the property where the Big Tex trailer was found. We note at the outset that Appellant's complaint in this issue is limited to the determination of whether the trial court erred in admitting the evidence under Rule 403.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

In *Montogomery*, the Court of Criminal Appeals outlined the approach that a trial court should take to determine whether the prejudicial effect of relevant extraneous offense evidence outweighs the probative value of the evidence.

10

*Montogomery v. State*, 810 S.W.2d 372, 388–90 (Tex. Crim. App. 1991). The court provided four factors that the trial court is to consider in conducting the balancing test: (1) the inherent probativeness of the extraneous misconduct; (2) the potential the extraneous acts have "to impress the jury in some irrational but nevertheless indelible way"; (3) the amount of time needed by the proponent to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) how great is the proponent's need for the extraneous act. *Id.* at 389–90.

The inherent probativeness of the extraneous act evidence is established by the closeness in time of the extraneous act and the charged offense. *See Templin v. State*, 711 S.W.2d 30, 34 (Tex. Crim. App. 1986). Testimony established that Appellant only had access and control of the property on which the trailers were found for a short period of time. The admission of the evidence was undoubtedly prejudicial, but it did not have a great potential to impress the jury in an irrational way. Only a small amount of time was involved in the presentation of the evidence. In this case, Appellant's knowledge and intent were at issue. Here, the evidence of the stolen trailers served to rebut Appellant's defense strategy of mistake or accident in which he attempted to cast doubt regarding Appellant's knowledge of the improper registration of the stolen trailers. The admission challenged Appellant's proposition that he did not know why or how the trailers did not have the proper registration. Because the trial court's decision to admit the extraneous offense evidence is within the zone of reasonable disagreement, there was no abuse of discretion. Issue Five is overruled.

The judgment of the trial court is affirmed.


                                          JIM R. WRIGHT

                                          CHIEF JUSTICE


April 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.