Clinton Shane STEWART, Appellant

v.

The STATE of Texas.

No. PD–0255–07.

Court of Criminal Appeals of Texas.

Oct. 31, 2007.

Rehearing Denied Dec. 19, 2007.

Terry Keel, Austin, for appellant.

E. Bruce Curry, D.A., Kerrville, Matthew Paul, State's Attorney, Austin, for state.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant was a police officer who pulled over Roxanne Lavender for a traffic violation. After a consent search, appellant discovered that Lavender possessed approximately half an ounce of marihuana, consisting of several buds in a baggie. Having no formal narcotics training, appellant decided to take her to the station for questioning to determine whether she could assist the police as a confidential informant. Detective Terry Weed and appellant interviewed her. Lavender agreed to assist the officers, and Weed agreed to discuss the situation with the county attor-

ney. Lavender asked whether some of the marihuana could be returned to her, and Weed replied, "No," stating that it would either be used as evidence against her or destroyed. As appellant was transporting Lavender back to her car, she asked him to give her back part of the marihuana. He returned one "bud" of the marihuana to Lavender.

Lavender did not work out as a confidential informant, and the State decided to prosecute her. Upon learning this, appellant realized that the discrepancy between what was originally confiscated and what remained could come to light, and he told Weed what had happened.

As a result of his conduct, appellant was convicted of tampering with physical evidence. The indictment charged that appellant did, "knowing that an offense has been committed, to-wit, the possession of marihuana by Roxanne Lavender, alter, destroy, and conceal a thing, to-wit, marihuana, with intent to impair its availability as evidence in any subsequent investigation or an official proceeding related to the said offense." On appeal, appellant challenged the legal sufficiency of the evidence to support the conviction, contending, among other things, that he did not intend to impair the marihuana prosecution. The court of appeals affirmed, holding that appellant *"knew* that the evidentiary value of the 'bud' of marihuana would be lost by returning it to Lavender."[1]

A person commits the offense of tampering with evidence if, "knowing that an investigation or official proceeding is pending or in progress, he ... alters, destroys, or conceals any record, document or thing with *intent* to impair its verity, legibility, or availability as evidence in the investigation or official proceeding."[2] "Intent" and

1. *Stewart v. State,* 221 S.W.3d 716, 720 (Tex. App.-San Antonio 2007)(emphasis added).

2. TEX. PEN.CODE § 37.09(a)(1)(emphasis added). This offense is a third-degree felony. § 37.09(c).

"knowledge" are two different culpable mental states. The tampering with evidence statute requires *intent* as to a particular result, namely, impairing a thing's availability as evidence. "A person acts intentionally, or with intent, with respect ... to a result of his conduct when it is his *conscious objective or desire* to ... cause the result."[3] By contrast: "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."[4]

It is not enough that appellant *knew* that his action would impair the availability of the marihuana as evidence. He must have *intended* to impair its availability. That is, impairing the marihuana's availability as evidence must have been appellant's conscious objective or desire. The court of appeals erred in analyzing the sufficiency of the evidence for the culpable mental state of knowledge when the statute proscribes the higher culpable mental state of intent.

Moreover, the evidence appears to be legally insufficient to show that appellant had the conscious objective or desire to impair the availability of the marihuana as evidence. The missing marihuana bud would not have changed the category of the offense,[5] and the remaining marihuana was certainly enough to convict Lavender, if the State was interested in pursuing a prosecution. Indeed, appellant's conduct appears to have been motivated by the belief that Lavender would escape prosecution by becoming an informant, and as a result, the entire quantity of marihuana would be destroyed anyway. That does not mean appellant did nothing wrong. At the very least, he appears to have committed the Class B misdemeanor offense of delivery of marihuana.[6] But that was not the offense he was charged with.

We reverse the judgments of the courts below, and we render a judgment of acquittal on the basis of legally insufficient evidence.

WOMACK, J., filed a dissenting opinion in which PRICE, JOHNSON, and KEASLER, JJ., joined.

WOMACK, J., filed a dissenting opinion in which PRICE, JOHNSON, and KEASLER, JJ., joined.

The appellant arrested Roxanne Lavender and seized her marihuana. He agreed to discuss with the prosecutor whether Lavender should be prosecuted. It was clear that the discussion would center on Lavender's future assistance as an informant. Lavender asked the appellant to give the marihuana back. That certainly would have been absurd, since the only incentive for Lavender to assist the police was to avoid the prosecution in which the marihuana was evidence. The appellant did agree to give the appellant some of the marihuana, described as "a bud." For this, he was convicted of tampering with evidence.

The contested issue is one of intent. The relevant requirement of the statute, Section 37.09(a)(1) of the Penal Code, is proof that the appellant had "intent to impair its [the marihuana bud's] availability as evidence in the investigation or offi-

---

**3.** Tex. Pen.Code § 6.03(a)(emphasis added).

**4.** § 6.03(b).

**5.** Tex. Health & Safety Code § 481.121(b)(1)(proscribing punishment for possession of marihuana in the amount of two ounces or less).

**6.** Tex. Health & Safety Code § 481.120(b)(1)(one-fourth ounce or less delivered without receiving remuneration).

cial proceeding." The jury found that he did.

Did the evidence not support the jury's finding?

The appellant divided the marihuana into two parts: the part that the police were keeping to be available as evidence in an investigation or prosecution of Lavender, and the part that Lavender could do with as she wished and which would not be available as evidence. The appellant intended precisely that result. He also may have intended other consequences of that result, examples of which one could imagine: currying favor with Lavender or suggesting to her that her assistance in the future would be rewarded (perhaps with similar gifts of contraband evidence). But it seems impossible to deny that his intent began with making the bud of marihuana unavailable as evidence. This should be the end of the analysis.

The Court's opinion says that "the evidence appears to be legally insufficient to show [that intent because the] missing marihuana bud would not have changed the [punishment] category of the offense, and the remaining marihuana was certainly enough to convict Lavender. . . ." *Ante,* at 874. But the statute does not require, and the jury were not required to find, such an intent. The required intent is only that the evidence be made unavailable, which was clearly proved. The Court's grafting onto the required culpability a requirement that the tampering change the punishment category is not anything that the statute requires. The statute could have said that a person commits no offense if he destroys a portion of evidence that falls between the limits of a punishment category. But it doesn't, and this Court has no authority to amend it.