12-8-00325-CR;12-8-00326-CR C









NOS. 12-08-00325-CR

          12-08-00326-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CHESTER KENNEDY,                                      §                APPEAL
FROM THE 114TH 

APPELLANT

 

V.                                           
                              §                JUDICIAL DISTRICT COURT

 

THE STATE OF TEXAS,                                 

APPELLEE                                                        §                 SMITH  COUNTY, TEXAS







MEMORANDUM
OPINION

Chester
Kennedy appeals from his conviction for the offenses of theft and tampering
with physical evidence. In two issues, Appellant argues that the evidence is
legally and factually insufficient to support the convictions.  We affirm in
part and reverse in part. 

 

Background

Appellant
was the chief of police for the city of Troup, Texas.  Agents from the Federal
Bureau of Investigation and deputies from the Smith County sheriff=s office began an investigation
that was targeted primarily at Mark Turner, a police officer with the city.  Turner
had told an informant that he took marijuana from the evidence being stored at
the police department.  The agents and deputies served a search warrant on the
police department as part of their investigation.  Appellant was not a suspect
at the time.  But he was arrested after admitting to the investigators that he
had a pistol and a rifle that he had taken from the police department and that
he had let Turner take a thirty pack of beer.  

A
 Smith County grand jury indicted Appellant for five offenses.  For each of
the offenses, the indictment alleged that Appellant had appropriated or otherwise
mishandled various pieces of evidence or property that had been in the
possession of the Troup police department.  Appellant and the State both waived
trial by jury, and the cases were tried to the trial court.  The trial court
found Appellant guilty of theft of the pistol and guilty of tampering with
physical evidence, the beer.  The trial court found Appellant not guilty of the
three other offenses.  The trial court assessed punishment at imprisonment for
ten years and a fine of five thousand dollars for each offense.  This appeal
followed.  

 

Sufficiency of the Evidence

In
two issues, Appellant argues that the evidence is insufficient to prove that he
committed the offenses of theft and tampering with physical evidence.  

Standard
of Review

The
due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence.  See Jackson v. Virginia,
443 U.S. 307, 315B16,
99 S. Ct. 2781, 2786B87,
61 L. Ed. 2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.
Crim. App. 2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.BTyler 2006, pet. ref’d). 
Evidence is not legally sufficient if, when viewing the evidence in a light most
favorable to the verdict, no rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; see also Rollerson v. State,
227 S.W.3d 718, 724 (Tex. Crim. App. 2007).

While
legal sufficiency review is all that is required by the U.S. Constitution, the
Texas Court of Criminal Appeals has determined that the Texas Constitution
requires further review of the factual sufficiency of the evidence.  Clewis
v. State, 922 S.W.2d 126, 129B30
(Tex. Crim. App. 1996).  Factual sufficiency review differs from legal
sufficiency review only slightly.  See Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  In a factual sufficiency review,
we review the evidence without the light most favorable to the verdict and we
are authorized, Aalbeit
to a very limited degree,@
to disagree with the fact finder’s resolution of contested factual issues.  See
id.; Watson v. State, 204 S.W.3d 404, 414, 417 (Tex. Crim. App. 2006).  In a review of the factual sufficiency of the evidence, we will
conclude that the evidence is insufficient only if the great weight and
preponderance of the evidence contradicts the jury=s verdict or the verdict is clearly wrong and
manifestly unjust.  See Rollerson, 227 S.W.3d at 724;
Watson, 204 S.W.3d at 417.

Under
either standard, our role is that of appellate review, and the fact finder is
the principal judge of the weight and credibility of a witness=s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111B12
(Tex. Crim. App. 2000).  The fact finder may choose to believe all, some, or
none of a witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).

To
prove theft as alleged here, the State was required to show that Appellant
unlawfully appropriated a firearm that came into his custody, possession, or
control by virtue of his status as a public servant with the intent to deprive
the owner of the property.  Tex. Penal
Code Ann. § 31.03(a), (f)(1) (Vernon Supp. 2009).  An appropriation
is unlawful if it is without the owner’s effective consent.  Tex. Penal Code Ann. § 31.03(b).  To
prove the tampering with physical evidence as alleged here,[1]
the State was required to prove that Appellant, knowing that an offense had
been committed, altered, destroyed, or concealed any record, document, or
thing, specifically a thirty pack of beer, with the intent to impair its verity,
legibility, or availability as evidence in any subsequent investigation of or
official proceeding related to the offense.  See Tex. Penal Code Ann. § 37.09(d)(1) (Vernon Supp. 2009). 

AnalysisBTheft

Appellant
makes three interlocking arguments with respect to his conviction for theft of
the pistol.  First, he argues that the pistol was abandoned property.  As a
consequence, he argues, it could not be the subject of a theft.  Furthermore,
he asserts that the State did not prove who owned the pistol and so it failed
to show that his appropriation of the pistol was unauthorized.  Finally,
Appellant argues that there was no proof of the intent to deprive the owner of
the pistol.  Instead, he asserts that he never withheld it from anyone, promptly
volunteered to the authorities that he had it, and told them where it was–in a
desk drawer in his dining room–despite the fact that they did not know about
the pistol.  

Personal
property is abandoned if the existence and location of the owner of the
property is unknown to the holder of the property and, according to the
knowledge and records of the holder of the property, a claim to the property
has not been asserted or an act of ownership of the property has not been
exercised.  See Tex. Prop. Code
Ann. § 72.101(a) (Vernon Supp. 2009).  It appears that the pistol
was at the police department when Appellant became chief of police and that it
may have been abandoned by its owner.  But the evidence was uncontroverted that
the pistol, at some time prior to Appellant’s exercise of control over it, was
in the possession of the City of Troup Police Department. Therefore, if the
property was simply misplaced or lost, the department’s possession of the
pistol vested it with an interest in the pistol superior to all but the person
who had title to the item.  See, e.g., Schley v. Couch,
284 S.W.2d 333, 335 (Tex. 1955).  If the property was actually abandoned, the
Troup police department, the possessor, would hold title to the property.  See
Ingram v. State, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008,
no pet.).

Accordingly,
whether the pistol had been seized as evidence or was simply lost or mislaid
property, the finder of fact could rationally have concluded that the Troup police
department had a claim of ownership superior to Appellant’s claim.  See Tex. Penal Code Ann. § 1.07(a)(35)(A)
(Vernon Supp. 2009) (owner is person who has greater right to property than
actor). 

Similarly,
the State properly proved that Appellant’s appropriation of the pistol was
unauthorized with the testimony of the mayor of Troup that he did not give
Appellant permission to take the pistol. As the State points out, it is
permissible to allege an actual person as the owner of an item when it is owned
by a government entity.  See Villalobos v. State, 951
S.W.2d 232, 234 (Tex. App.–El Paso 1997, no pet.).  In Villalobos,
the county judge testified that he was the presiding member of the commissioner=s court and had judicial
and administrative authority over the county=s
affairs and property.  Id. at 235.  As the court succinctly
noted, like a corporation, a government entity cannot testify except through
its representative.  Id. at 234.  Instead, a “special owner” may
testify on behalf of such an entity as to the entity’s property interest.  Id . at 234B35.

In
this case, the mayor of Troup testified that he had a supervisory role over the
police department, and that Appellant=s
appropriation of the pistol was without his consent.  This was sufficient
evidence to show that Appellant appropriated the pistol without the permission
of the owner of the property.

A
closer question is presented with respect to proof of Appellant’s intent to
deprive the owner of the pistol.  To “deprive” means to withhold property from
the owner permanently or for so extended a period of time that a major portion
of the value or enjoyment of the property is lost to the owner, to restore the
property only upon payment of reward or other compensation, or to dispose of
the property in a manner that makes recovery of the property by the owner
unlikely.  Tex. Penal Code Ann. §
31.01(2) (Vernon Supp. 2009).  There is no evidence that Appellant sought a
reward or compensation or that he disposed of the pistol.  In fact, he told
investigators that he gave it to his wife, a reserve police officer, to carry.

Ordinarily,
it may be reasonable to conclude that a person who takes an item from his work
place to his home and places it in a dining room desk drawer intends to
withhold that property permanently.  The logical force of this conclusion is
stronger when, as here, Appellant did not seem to understand that the pistol
was not his own personal property.  However, there is a complication. 
Appellant told the investigators that he had loaned the pistol to his wife, who
happened to be a reserve officer with the department.  If believed, this
evidence could show a contrary intent.  As police chief, Appellant handled
various pieces of the city=s
property, including, for example, his duty pistol and the automobile that was
provided for him.  So too, would he have a duty, limited by whatever
restrictions were placed on him by the city, to manage the items abandoned at
the police department.  It would seem plausible then that he could loan a
chattel owned by the city to an employee of the city without necessarily being
guilty of stealing that item.  For example, a police chief who gives a city
issued badge to a police officer employed by the city does not act with the
intent to deprive the city of that badge.

But
the finder of fact was not bound to accept Appellant=s version of events, and the pistol was not
found in a location consistent with its being given to Appellant’s wife for her
official duties. Furthermore, there is no evidence that Appellant obtained
permission to give the pistol to anyone, and there is no evidence that he had
documented this transfer of the firearm.  The finder of fact could have
rationally concluded that Appellant did unlawfully appropriate the pistol. 
Furthermore, we hold that the trial court’s conclusion that Appellant
unlawfully appropriated the pistol is not against the great weight of the evidence
and is not clearly wrong or manifestly unjust.  We overrule Appellant’s first
issue.

 

Analysis–Tampering
With Physical Evidence

            With
respect to the conviction for tampering with physical evidence, Appellant
argues that there is no evidence to show that he acted with the specific intent
to impair the availability of the beer as evidence.  

            At
issue is a thirty pack of beer that Appellant was charged with destroying with
the intent to impair its availability as evidence in any subsequent
investigation or official proceeding.  The beer came into the custody of the
Troup police department when an individual was arrested for “bootlegging,” and
the police confiscated three or four thirty packs of beer from her vehicle
along with some individual beer containers.[2]
  

The
resolution of this issue is controlled by the recent opinion by the Texas Court
of Criminal Appeals in Stewart v. State, 240 S.W.3d 872 (Tex.
Crim. App. 2007).[3]  In
that case, an inexperienced police officer arrested a suspect who possessed
approximately half an ounce of marihuana.  Id. at 873.  The
officer talked to the suspect about becoming an informant.  After their
conversation, and at her request, he returned “one bud” of the marihuana to the
suspect.  Id.  The court of criminal appeals reversed his
tampering conviction and acquitted Stewart holding that the evidence was
insufficient to show his intent.  Specifically, the court held that the State
must prove that it was Stewart’s conscious objective or desire to impair the
availability of the evidence and his mere knowledge that such an impairment
would occur was insufficient.  Id. at 874.  The court also noted
that the remaining marihuana was sufficient to convict the suspect.  Id .  Furthermore, the court determined that the officer’s conduct
“appear[ed]” to have been motivated by an understanding that the suspect would
never be prosecuted for the offense because she would become an informant.  Id .

In this case, as in Stewart,
Appellant had to know the evidence would be destroyed or at least unavailable. 
As in Stewart, the only apparent reason for Appellant’s action was
that he was giving the beer to Turner as a favor.  He did not know the suspect
and had never reviewed the case file.  Furthermore, it is not clear that the City
of Troup Police Department was regularly forwarding charges for prosecution, and
so Appellant may not have expected the evidence to be necessary.[4] 


The
Stewart case is difficult to apply to this case with respect to
the remaining contraband.  The court appears to be saying that there was no
evidence of intent to impair the availability of the evidence in that case because
the suspect could still be prosecuted with the remaining marijuana.  See
Stewart, 240 S.W.3d at 874.  We do not understand the court to be
saying that a specific intent to destroy evidence must be shown by a complete
destruction of the evidence.  Indeed, the statute does not require that all of
the evidence against the suspect be destroyed.  See Tex. Penal Code Ann. § 37.09(d)(1). 
Nor does the statute require that the offender intend to or actually
compromise a prosecution.  Id.; but see Williams v.
State, 270 S.W.3d 140, 146 (Tex. Crim. App. 2008) (crack pipe destroyed
because it had lost its identity and was not recognizable).  Instead, the court
appears to be reasoning that the fact that the officer did not destroy all of
the evidence was circumstantial evidence of a lack of a specific intent to
destroy evidence to make it unavailable for an investigation or proceeding.  In
other words, the officer in that case would have destroyed, or tried to
destroy, all of the evidence if he had the specific intent to destroy evidence
to make it unavailable for further proceedings.

This
case is more complicated because the amount of beer available is important to a
“bootlegging” conviction.[5]  There is a
presumption in such cases that a person who possesses more than twenty–four
twelve ounce bottles of beer has the intent to sell that beer.  See Tex. Alco. Bev. Code Ann. § 101.32 (Vernon 1995).  But with respect to the burden of persuasion, the number of bottles of beer,
even beyond the statutory presumption, would be relevant in most prosecutions because
a higher number would further reinforce the conclusion that the person intended
to sell the beer.

            Accordingly,
there is some distinction between this case and Stewart.  Here, the
force of any prosecution of the bootlegger would be diminished by there being
less contraband to produce as evidence, but that was not the case in Stewart.
 The court in Stewart explained in two sentences its conclusion
that the evidence in that case was legally insufficient.[6] 
The first dealt with the issue of the remaining contraband.  See Stewart,
240 S.W.3d at 874.  In the second sentence, the court credited evidence about
the motivation of the officer and concluded that he did not think the suspect would
be prosecuted and so it was not his conscious intent to destroy the evidence.  Id .  We think the second sentence is the more important one and that the
first sentence merely reinforces the conclusion reached by the court. 

The
second sentence controls the outcome here.  In this case, the State did not
present any evidence, circumstantial or direct, by which the finder of fact
could ascertain that Appellant had the specific intent to destroy or impair
evidence.  See id.  Judge Womack, in dissent in Stewart,
joined by Judges Price, Johnson, and Keasler, argues that there was evidence of
a specific intent to destroy evidence so it would be unavailable for further
proceedings in that case because the officer intended precisely that result
when he gave the evidence to the arrested person.  See id. at 875
(Womack, J., dissenting).  Judge Womack reasons that the officer may have had
other motivations, but that it “seems impossible to deny that his intent began
with making the bud of marihuana unavailable as evidence.”  Id .  The majority of the court rejected that position.  Writing for the
majority, Presiding Judge Keller wrote that “[i]t is not enough that appellant knew
that his action would impair the availability of the marihuana as evidence.  He
must have intended to impair its availability.”[7]
 

            The
State argues that the “requisite intent” is proved because Appellant “did not
believe that the person from whom the evidence was confiscated would avoid
prosecution and [Appellant] failed to provide that the tamper–free evidence
would support a conviction.”  This argument is directed at the first sentence
in the Stewart analysis.  It is accurate to state that Appellant’s
destruction of the evidence, whether he gave away some or most of the beer, would
hamper any subsequent prosecution.  But this does not show that it was his specific
intent, that is his conscious objective or desire, to destroy evidence to make
it unavailable for further proceedings. 

Here,
as in Stewart, Appellant knew that the evidence would be unavailable
when he allowed another person to take it.  The finder of fact was not required
to accept Appellant’s implied assertion that he did not intend to damage the
prosecution or to accept his theory that he could simply replace the beer if
the case ever went to trial.  And, as in Stewart, it appears that
Appellant may have committed another crime by giving away the beer, namely
theft.  But, again as in Stewart, there was no evidence or basis
on which the trier of fact could conclude that it was Appellant’s conscious
objective or desire to impair the availability of the beer for an investigation
or official proceeding.  Accordingly, we hold that the evidence is legally
insufficient to support the tampering with evidence charge.  We sustain
Appellant’s second issue.

 

Disposition

We
affirm the judgment of the trial court finding Appellant guilty
of theft.  Based on Stewart v. State, we reverse
Appellant’s conviction for tampering with evidence and render a
judgment of acquittal on that charge. 

 

 

 

                                                                        James T. Worthen

                                                                
Chief Justice

 

 

 

Opinion delivered December 23,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO
NOT PUBLISH)









[1] The caption on this indictment read that it charged
Appellant with “Tampering with a Government Record.”  The trial court
recognized that a different offense was alleged in the body of the indictment,
and decided the case on that basis.  Appellant did not object in the trial
court, and does not raise an issue related to this on appeal. 





[2]
The State argues that Appellant told the police that he gave Turner one
or two twelve packs from the thirty pack of beer, leaving only a six pack, and
that this shows that the ability to prosecute the case was limited by his
actions.  It is not clear what the agent understood about the amount of beer
seized when he was questioning Appellant or how much beer remained in the
police department.  At one point during the interview, Appellant agreed with the
agent that there is no longer any evidence, but at another time he stated that
he can simply replace the beer.  Another officer testified that it appeared to
him that the thirty packs of beer disappeared from Appellant’s office over
time.  But the focus of the trial was on the single thirty pack that Appellant
gave to Turner, and he was not indicted for destroying any of the other beer. 

At trial
both parties treated the evidence as showing that there were three or four
thirty packs seized and that Appellant allowed Turner to take one.  It is not
necessary to resolve the number of beers that ultimately remained because, for
reasons we will discuss, the relevant inquiry is whether Appellant acted with
the specific intent to make the evidence unavailable.  Whether the destruction
of evidence prevented a prosecution can, in the appropriate case, be an indicia
of the actor’s specific intent, but it is not a requirement of the statute. 

 





[3]
 The Stewart decision was released after the trial in this
case, and neither the parties nor the trial court judge had the benefit of being
able to apply the opinion in the trial of this case.

 





[4]
 The suspect was arrested in September 2005, and Appellant was arrested
in March 2006.  The case had not been forwarded to the district attorney at
that time.  There was evidence of another case from 1999 in which a person was
arrested for possession of crack cocaine.  That case was never forwarded to the
district attorney.

 





[5]
It is a class B misdemeanor to sell alcoholic beverages in a dry area of the state. 
Tex. Alco. Bev. Code Ann. § 101.31
(Vernon 1995).  This offense is occasionally called “bootlegging.”  See,
e.g., Armstrong v. State, 897 S.W.2d 361, 368 (Tex. Crim.
App. 1995) (referring to a prosecution for transportation of liquor as a
“bootlegging prosecution”).    





[6]
The two sentences applying the previously stated rules and standard of
review are as follows:

The missing
marihuana bud would not have changed the category of the offense, and the
remaining marihuana was certainly enough to convict Lavender, if the State was
interested in pursuing a prosecution. Indeed, appellant’s conduct appears to
have been motivated by the belief that Lavender would escape prosecution by
becoming an informant, and as a result, the entire quantity of marihuana would
be destroyed anyway. [Citations omitted]

 

Stewart, 240 S.W.3d at 874.

 





[7]
Because the legislature drafted the tampering statute to require proof that the
actor had the specific intent to make destroyed evidence unavailable for
further proceedings, the statute does not reach situations where, as here, the
actor knows that evidence will be unavailable but there is no evidence that it
was his conscious desire for the evidence to be unavailable.  A similar
situation was presented in Stewart.  We note that the legislature
has met since the Stewart decision was released, and it did not
act to amend the statute.  We further note that the application of a specific
intent requirement can lead to serious differences of opinion, especially when
the evidence is unsettled as to why a defendant acted.  See, e.g.,
Stewart (5-4 decision); Laster v. State, 275 S.W.3d
512, 524 (Tex. Crim. App. 2009) (in 5–4 decision, court held that jury could
infer kidnapper’s specific intent to inflict bodily injury or secret victim
despite fact that he released her almost immediately after abducting her).