In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00180-CR
NO. 09-13-00181-CR
NO. 09-13-00182-CR
NO. 09-13-00183-CR
_____

**PETER JAMES MARTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-03-02604-CR (Counts 1, 2, 3, 4)**

**MEMORANDUM OPINION**

Arguing that the prosecutor elicited prejudicial testimony about his criminal history from a witness during the guilt-innocence phase of his trial, Peter James Martin contends he is entitled to receive a new trial. With respect to Martin's complaint, the record shows the trial court instructed the jury to disregard Martin's sister's testimony that Martin had been in and out of prison. Because the instruction sufficiently cured any harm that resulted from the jury hearing the

1

question and testimony at issue, the trial court's decision to deny Martin's motion for mistrial was not an abuse of discretion.

## Background

In a four-count indictment, the State charged Martin with aggravated assault against a public servant (Count One), evading arrest/detention with a vehicle (Count Two), tampering with physical evidence (Count Three), and possession of a controlled substance (Count Four). *See* Tex. Penal Code Ann. § 22.02(b)(2) (West 2011), § 38.04(b)(2)(A)[1] (West Supp. 2013), § 37.09(d) (West Supp. 2013); Tex. Health & Safety Code Ann. § 481.115 (West 2010). Seeking to enhance Martin's punishment, the State also alleged that Martin had previously been convicted of several prior felonies.

Martin pled not guilty to each of the four counts of the indictment; the jury found him guilty on all four counts following the guilt/innocence phase of his trial. Additionally, the jury found that Martin used a deadly weapon while evading arrest.

---

[1]The judgment of conviction related to Martin's conviction cites section 38.04(b)(1), making evading arrest or detention with a vehicle a state jail felony if the defendant is shown to have a prior conviction for evading arrest or detention under section 38 of the Penal Code. However, the factual allegations in Martin's indictment and the evidence introduced during the trial show that he evaded arrest or detention by using a vehicle, a third-degree felony under 38.04(b)(2)(A) of the Penal Code. In the opinion, we cite to the correct statute.

During the punishment phase of the trial, Martin pled "not true" regarding all the enhancement allegations in the indictment. At the conclusion of the punishment phase of Martin's case, the jury returned "true" verdicts regarding three of Martin's prior felonies. Given its enhancement findings, the jury considered an enhanced range of punishment regarding three of the four crimes on which it convicted Martin of committing. On each of the felonies that were the subjects of the jury's enhancement findings (aggravated assault against a public servant, evading arrest, and tampering with physical evidence), the jury assessed separate life sentences. For possessing a controlled substance, the felony not subject to any of the jury's enhancement findings, the jury assessed a sentence of twenty years.

Analysis

The record shows that during the prosecutor's cross-examination of Martin's sister, the prosecutor asked her if she knew that Martin had "been in and out of prison[.]" After Martin's sister answered, Martin objected to the question and asked that the trial court instruct the jury to disregard it. The trial court sustained Martin's objection, and then instructed the jury "to disregard the testimony about being in and out of prison." Martin then moved for a mistrial; however, the trial court denied Martin's request.

3

In a single issue, Martin contends the prosecutor purposely elicited inadmissible testimony showing that he had been in and out of prison. According to Martin, given the nature of the charges against him, the evidence about having been in prison was extremely prejudicial.

We review Martin's issue complaining of the trial court's decision to deny his request for a mistrial under an abuse of discretion standard. *See Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). Asking an "improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Id.* In considering whether an abuse of discretion occurred, we consider the severity of the alleged misconduct, the curative effect of the trial court's instruction to disregard, and the certainty of the punishment assessed assuming the misconduct had not occurred. *See Hawkins*, 135 S.W.3d at 77.

Martin argues that his sister's testimony concerning his prior incarceration was so prejudicial that it was impossible for the jury to disregard it. On the record before us, we disagree that the evidence was very prejudicial. Before Martin's sister testified, a statement that Martin gave to the police was admitted into

4

evidence without objection: in that statement, Martin said that he did not pull over because he was on drugs and on parole. Because the jury could infer directly from Martin's statement to the police that he had been in prison, and because the statement was admitted without objection, the additional testimony of Martin's sister about Martin having been in prison was cumulative of other evidence that was properly before the jury. *See Austin v. State*, 222 S.W.3d 801, 816 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (determining the prejudicial impact by considering the evidence in the context of the entire trial).

The record also shows that the trial court took prompt curative action in an effort to prevent the jury from considering the testimony at issue. The trial court instructed the jury to disregard the testimony just after Martin's sister agreed that she knew that Martin had been in and out of prison. Generally, a prompt instruction to disregard is sufficient to cure the possible prejudice that may result when objectionable testimony about a defendant's prior incarceration is mentioned by a witness. *See Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (explaining that a witness's reference to the defendant having been in prison was cured by an instruction to disregard); *Nobles v. State*, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992) (concluding a witness's reference to the defendant having been incarcerated was cured by an instruction to disregard). The trial court's prompt

5

instruction, in our opinion, sufficiently cured any unfair prejudice which may have resulted from the question or the answer at issue. *See Kemp*, 846 S.W.2d at 308.

The evidence of Martin's guilt leads to the conclusion that Martin's prospects of being acquitted on any of the charges for which he was tried were highly unlikely. When considering the record as a whole, nothing in the record shows that Martin might have received a different punishment. For example, regarding Martin's conviction for evading arrest, the entire pursuit was captured on a video that the jury reviewed during Martin's trial. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). The video shows that Deputy Chris Azwell, after observing that Martin was not maintaining his speed and that he was operating his vehicle in an unsafe manner, activated his overhead lights and siren in an effort to get Martin to stop. The video further shows that Martin failed to stop, and that he committed additional traffic violations while evading Deputy Azwell's attempt to pull him over. Additionally, after the State finished its closing argument and with the jury present, Martin's attorney requested that Martin be allowed to plead guilty to the charge of evading arrest. In closing argument, Martin's attorney agreed that Martin was guilty of evading arrest.

With respect to Martin's conviction for aggravated assault against a public servant, Deputy Azwell testified that Martin, in attempting to evade arrest, tried to run over him with his car. *See id.* § 22.02(b)(2). Martin did not testify at the trial,

and the video admitted into evidence that captured Martin evading arrest does not include the part where Martin used his car in an effort to run over Deputy Azwell. Nonetheless, Deputy Azwell's testimony about Martin's having driven directly at him as the chase was ending is not contradicted. According to Deputy Azwell, he fired several shots at Martin's car when Martin drove toward him. Based on Deputy Azwell's testimony, it is unlikely that the jury would have chosen to acquit Martin on the charge that he committed an aggravated assault against a public servant. Additionally, nothing in the record supports a conclusion that the jury might have given Martin another punishment on the charge.

Martin's conviction for knowingly possessing a controlled substance also finds ample support in the evidence. *See* Tex. Health & Safety Code Ann. § 481.115. The testimony from the trial shows that after Martin's arrest, a crime scene investigator retrieved a small plastic baggy containing a white powder from the floorboard on the driver's side of Martin's car. *See Washington v. State*, 215 S.W.3d 551, 554-57 (Tex. App.—Texarkana 2007, no pet.) (finding the evidence sufficient to prove that the defendant knowingly possessed a controlled substance where the facts and circumstances linked the defendant to the cocaine found in the floorboard of his car). Additional evidence in the record shows that the substance in the baggy was tested by a forensic scientist, who found that the powdery substance was cocaine. Other evidence admitted during Martin's trial shows that

Martin was the only person in the car, that the car contained other drug paraphernalia, and that Martin indicated he was on drugs shortly after he was stopped. *See id.* at 556-57. We are not persuaded that Martin would have been acquitted on this charge had the testimony at issue never been introduced.

The evidence further supports Martin's conviction for tampering with physical evidence. *See* Tex. Penal Code Ann. § 37.09(d)(1) (providing that a person, who knows that an offense has been committed, commits the offense of tampering with evidence, if the person alters, destroys, or conceals anything with the intent to impair its availability as evidence). According to Deputy Azwell, while pursuing Martin's vehicle, he saw Martin throw a spoon and several syringes out of his car's window. Syringes that the police recovered from the area where Deputy Azwell observed Martin throwing things from his car were admitted into evidence during Martin's trial. Thus, the record allowed the jury to infer that Martin, knowing that he was in possession of a controlled substance, tampered with evidence by attempting to dispose of evidence relevant to his guilt for possessing a controlled substance. *See Stewart v. State*, 240 S.W.3d 872, 873-84 (Tex. Crim. App. 2007) ("The tampering with evidence statute requires *intent* as to a particular result, namely, impairing a thing's availability as evidence.").

Considering the entire record, the trial court could have reasonably believed that its instruction eliminated any prejudice from the question and answer at issue.

Therefore, we conclude the trial court did not abuse its discretion in denying Martin's request for a mistrial. *See Hawkins*, 135 S.W.3d at 85. We overrule Martin's sole issue. Martin's convictions and sentences in trial cause numbers 12-03-02604-CR Count One, 12-03-02604-CR Count Two, 12-03-02604-CR Count Three, and 12-03-02604-CR Count Four are affirmed.

    AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 21, 2014
Opinion Delivered May 21, 2014
Do Not Publish

Before Kreger, Horton and Johnson, JJ.