**Opinion filed September 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00297-CR

_____

### SEABRON JAAMAR FIELDS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR26752**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant, Seabron Jaamar Fields, for the first-degree felony offense of possession of a controlled substance with intent to deliver, namely methamphetamine, in an amount of four grams or more but less than two hundred grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2017). After a pretrial hearing, the trial court denied Appellant's motion to suppress evidence. Pursuant to the parties' negotiated plea agreement, Appellant pleaded no contest to the charged

offense and preserved his right to appeal the trial court's denial of his motion to suppress evidence. In accordance with the plea agreement, the trial court assessed Appellant's punishment at ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, Appellant challenges the trial court's denial of his motion to suppress evidence. We affirm.

## I. *Factual Background*

On the day of the charged offense, at approximately 8:00 a.m., Officer Roberto Rodriguez of the Brownwood Police Department was on patrol near Northwest Elementary School in Brownwood, Texas. School was in session at that time, and Appellant drove by Officer Rodriguez in the active school zone; Officer Rodriguez clocked the speed of Appellant's vehicle at twenty-five miles per hour (five miles per hour over the posted speed limit for the school zone). Officer Rodriguez thereafter stopped Appellant for operating his vehicle in excess of the posted school-zone speed limit. As he approached Appellant's vehicle, Officer Rodriguez recognized Appellant because he had arrested Appellant a month prior for the offense of tampering with evidence. On that occasion, according to Officer Rodriguez's testimony, Appellant swallowed marihuana in an effort to destroy the marihuana that he had in his possession at the time.

As Officer Rodriguez explained the reason for the traffic stop to Appellant, he noticed that Appellant would repeatedly look toward the passenger side of his vehicle. Officer Rodriguez asked Appellant to roll down the rear window on the driver's side of the vehicle; Appellant complied, and Officer Rodriguez immediately detected the odor of marihuana. He then observed a piece of marihuana "shake"— a term that is used to describe a very small piece of a green, leafy substance, or a "crumb" of marihuana—on Appellant's leg. Officer Rodriguez reached into Appellant's vehicle and retrieved the piece of "shake" that was on Appellant's leg.

2

Based on his observations, Officer Rodriguez called for backup. After backup arrived, Officer Rodriguez asked Appellant to exit the vehicle; he then conducted a pat-down search of Appellant. Officer Rodriguez stated to Appellant: "[W]e're going to search you based upon that piece of marihuana that you had in there." He did not mention to Appellant that the odor of marihuana he had detected was also a basis for the search, although, according to his testimony, he did include that fact in his incident report.[1] During the search, Officer Rodriguez discovered another piece of marihuana "shake" on Appellant's clothing. Officer Rodriguez removed this piece of "shake" from Appellant's clothing and smelled it; he testified at the suppression hearing that it smelled like marihuana. He then placed it on the trunk of Appellant's vehicle.

Officer Rodriguez did not inventory the two pieces of "shake" he had retrieved. Further, he did not photograph them, nor did he place them into an evidence bag. In fact, he did not preserve them. He testified that he believed the first piece of "shake" fell onto the floorboard of Appellant's vehicle. As for the other piece of "shake," which he had placed on the trunk of Appellant's vehicle after he discovered it on Appellant's clothing, he testified that he was not sure what happened to it but that it could have blown away in the wind. Officer Rodriguez insisted that, although he did not preserve the two pieces of "shake," he did not destroy or discard any evidence. He testified that the two pieces of "shake" he had discovered were not significant pieces of evidence, and thus not necessary to his investigation, because he already had probable cause to search Appellant's vehicle based on the odor of marihuana that he had detected emanating from the vehicle. Furthermore, the second piece of "shake" that he discovered also smelled like marihuana, which confirmed the marihuana odor he had noticed. The dashcam footage from Officer

---

[1]We note that Officer Rodriguez's report is not included in the record before us.

Rodriguez's patrol unit was presented at the suppression hearing and clearly showed that he smelled the second piece of "shake." Officer Rodriguez further testified that although he was aware that he should have taken photographs of the two pieces of "shake" he had retrieved, he did not.

As a result of the pat-down of Appellant, Officer Rodriguez also discovered thirteen Ziploc baggies, which he testified were commonly used in the distribution of illegal drugs. He also searched Appellant's vehicle and discovered a round container labeled "THC." Another officer, Officer Shannon Risdon of the Brownwood Police Department, assisted in the vehicle search and discovered approximately an ounce of methamphetamine and another piece of marihuana "shake" in the glove compartment. Officer Rodriguez did not preserve this piece of "shake" either. The officers also discovered a digital scale and nine cell phones in Appellant's vehicle. Officer Rodriguez testified that, at some point while searching Appellant's vehicle, he popped open the trunk, which is where he had placed one of the pieces of marihuana "shake" that he had discovered. Because of what the officers had discovered, Appellant was arrested.

At the suppression hearing, Appellant's trial counsel argued that Officer Rodriguez intentionally destroyed evidence because he failed to inventory and preserve the pieces of marihuana "shake"—in violation of Section 37.09(a)(1) of the Penal Code.[2] Appellant's trial counsel further argued that (1) because Officer Rodriguez smelled the second piece of "shake" he discovered in order to confirm that the odor he detected emanating from Appellant's vehicle was marihuana and (2) because he did not mention the odor he had detected at any time during the encounter, the pieces of marihuana "shake" constituted the only basis for probable

---

[2]Appellant's trial counsel also argued at the suppression hearing that Officer Rodriguez knowingly presented false evidence in violation of Section 37.09(a)(2). *See* TEX. PENAL CODE ANN. § 37.09(a)(2) (West 2016). Appellant does not present that argument on appeal.

cause to search Appellant's person and vehicle during the traffic stop. Therefore, Appellant's trial counsel urged that, because the pieces of "shake" were not preserved, the searches were illegal and the evidence that was discovered pursuant to the searches was inadmissible and should be suppressed.

After the suppression hearing was concluded, the trial court denied Appellant's motion to suppress evidence; the trial court later signed findings of fact and conclusions of law. Appellant subsequently negotiated a plea agreement with the State. As a condition of the plea agreement, Appellant preserved his right to appeal and challenge the trial court's denial of his motion.

## II. *Standard of Review*

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *See Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018); *Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010) (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)). At a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Lerma*, 543 S.W.3d at 190 (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)). Therefore, we give almost total deference to the trial court in its determination of historical facts. *Id.* (citing *Carmouche*, 10 S.W.3d at 327). When, as in this case, the trial court makes express findings of fact, we examine the record in the light most favorable to its rulings and uphold those findings so long as they are supported by the record. *State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017) (citing *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010)). We then review de novo the legal significance of the facts as found by the trial court. *Id.* (citing *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004)).

III. *Analysis*

Appellant contends that the trial court abused its discretion when it denied his motion to suppress evidence because, according to Appellant, Officer Rodriguez destroyed the evidence upon which he relied as one basis for probable cause to conduct the warrantless searches of Appellant and his vehicle. Appellant asserts that the alleged destruction of evidence constituted a felony offense under Section 37.09 of the Penal Code and that, therefore, under Article 38.23 of the Texas Code of Criminal Procedure the admission of the methamphetamine and other evidence that was discovered pursuant to the searches of Appellant and his vehicle would be precluded.

Article 38.23 prohibits the admission of evidence that is obtained in violation of the laws of Texas or the United States. TEX. CODE. CRIM. PROC. ANN. art. 38.23(a) (West 2018); *see Wilson*, 311 S.W.3d at 458. When a defendant moves to suppress evidence under Article 38.23 due to the violation of a statute, the defendant has the burden to produce evidence of a statutory violation. *State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011). Only when this burden is met does the burden shift to the State to prove compliance. *Id.* Article 38.23(a)'s exclusionary rule does not apply to unrelated statutory violations. *Wilson*, 311 S.W.3d at 458–60. Rather, the primary purpose of Article 38.23(a) is to deter unlawful actions that violate the privacy, property, and liberty rights of criminal suspects in the acquisition of evidence that may be used for prosecutorial purposes. *Id.*

As relevant here, Section 37.09(a)(1) of the Penal Code provides that a person, including a police officer, commits an offense if, knowing that an investigation is in progress, he "alters, destroys, or conceals any . . . thing with intent to impair its verity, legibility, or availability as evidence in the investigation." TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2016); *see Wilson*, 311 S.W.3d at 460–61; *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008). Section 37.09 is directly related

6

to the acquisition and use of evidence in criminal investigations and judicial proceedings. *See, e.g.*, *Wilson*, 311 S.W.3d at 460, 464 (holding that Article 38.23(a) applies to Section 37.09). Thus, evidence obtained in violation of Section 37.09 can be barred from use in a prosecution under Article 38.23(a). *Id.* Evidence is obtained in violation of the law only if there is a causal connection between the illegal conduct and the acquisition of the evidence. *Id.* at 468. Therefore, if no causal connection exists, the evidence cannot be obtained in violation of the law and will not be subject to the exclusionary provision in Article 38.23(a). *Id.*

To prove that Officer Rodriguez committed the offense of tampering under Section 37.09, Appellant must establish that Officer Rodriguez (1) knew an investigation or official proceeding was pending or in progress; (2) destroyed a thing or item; and (3) did so with the intent to impair its verity or availability as evidence in the pending investigation or official proceeding. *See* PENAL § 37.09(a)(1); *Wilson*, 311 S.W.3d at 464. Each of the described elements must be shown.

The first element is undisputed. Officer Rodriguez was clearly conducting an investigation into potential criminal conduct. As to the second element, Appellant contends that Officer Rodriguez destroyed the trace marihuana evidence because he failed to take photographs of the two pieces of "shake" or otherwise inventory or preserve them as evidence. The first marihuana "shake" that Officer Rodriguez discovered either fell onto the ground or the floorboard of Appellant's vehicle, and he admittedly placed the second marihuana "shake" on the trunk of the vehicle. Officer Rodriguez testified that the second piece of "shake" likely blew away in the wind, or it could have been lost when he opened the trunk to Appellant's vehicle during the vehicle search. This, Appellant asserts, constitutes the destruction of evidence within the meaning of Section 37.09. We disagree.

The Court of Criminal Appeals has interpreted the statutory term "destroyed" to mean "ruined or rendered useless." *Rabb v. State*, 434 S.W.3d 613, 616 (Tex.

Crim. App. 2014) (citing *Williams*, 270 S.W.3d at 145–46). Under this interpretation of the statute, a "destroyed" thing has "lost its identity and is no longer recognizable." *Williams*, 270 S.W.3d at 146. Although there is some permissible overlap between the statutory terms of "conceal" and "alter," each term has a distinctive meaning. *See Rabb*, 434 S.W.3d at 616–17. The court in *Williams* defined "alter" to mean "to change; make different; modify." 270 S.W.3d at 146. Other courts have defined "conceal" to mean "to hide, to remove from sight or notice, or to keep from discovery or observation." *See State v. Zuniga*, 583 S.W.3d 209, 215 (Tex. App.—Corpus Christi-Edinburg 2018, pet. ref'd) (citing *Stahmann v. State*, 548 S.W.3d 46, 54–55 (Tex. App.—Corpus Christi–Edinburg 2018), *aff'd*, 602 S.W.3d 573 (Tex. Crim. App. 2020)); *Hines v. State* 535 S.W.3d 102, 110 (Tex. App.—Eastland 2017, pet. ref'd). On appeal, Appellant asserts only that Officer Rodriguez "destroyed" evidence; therefore, we will confine our analysis to the meaning and interpretation of that term. *See Rabb*, 434 S.W.3d at 616; *Hines*, 535 S.W.3d at 109–10.

Officer Rodriguez testified that, after he detected the odor of marihuana emanating from Appellant's vehicle, he noticed a small piece of a leafy green substance on Appellant's leg, which he retrieved and identified as marihuana. According to Officer Rodriguez, he thought that the first piece of "shake" he discovered fell onto the floorboard of the vehicle. Then, as he conducted a pat-down of Appellant, Officer Rodriguez discovered another piece of marihuana "shake" on Appellant's clothing. He placed it on the trunk of Appellant's vehicle and did not inventory or preserve it as evidence. Although he was unsure as to what happened to it, in all likelihood it had been blown away by the wind. Officer Rodriguez insisted that, even though he did not preserve the two pieces of "shake," he did not destroy or discard any evidence. Thus, according to Officer Rodriguez's testimony, the trace marihuana "shakes" that he discovered were inadvertently lost, rather than

destroyed.[3] *See Rabb*, 434 S.W.3d at 617 ("[W]ithout any evidence on the status of the [evidence], a determination of whether it was intact or destroyed . . . would be based purely on speculation."). Of significance, in its findings of fact, the trial court specifically found that Officer Rodriguez's testimony was credible, and we defer to the trial court's finding.

Based on the record before us and the trial court's detailed findings of fact, to which we defer, we conclude that Appellant failed to show that Officer Rodriguez destroyed the marihuana "shakes" in the manner alleged by Appellant. Here, Officer Rodriguez's actions or inactions did not become criminal in nature, as Appellant suggests, simply because the "shakes" were negligible in size and vulnerable to being inadvertently lost to the elements.

Furthermore, as to the third element above, Appellant asserts that Officer Rodriguez intended to impair the availability of the pieces of "shake" as evidence in the investigation. However, the record before us does not support Appellant's claim.

A violation of Section 37.09 requires "intent as to a particular result, namely, impairing a thing's availability as evidence." *Stewart v. State*, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007). "A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." PENAL § 6.03(a). Thus, to prevail on his motion, Appellant was required to prove that Officer Rodriguez's conscious objective or desire was to impair or preclude the availability of the marihuana crumbs as evidence in the investigation of Appellant's criminal conduct.

---

[3]Although it is conceivable that an unbounded and highly literal application of the phrase "rendered useless" could encompass Officer Rodriguez's conduct, under the *Williams* court's construction of the term "destroy" as used in Section 37.09, we cannot conclude that Officer Rodriguez's conduct falls within its meaning. *See Williams*, 270 S.W.3d at 146 ("[T]he remains of a destroyed object can still have evidentiary value.").

Officer Rodriguez testified that the lost marihuana crumbs were of no significance to the investigation and unlikely to be used for prosecutorial purposes because he had smelled marihuana emanating from Appellant's vehicle even before he noticed the first piece of "shake" on Appellant's clothing. Therefore, he believed—correctly—that because he had detected the odor of marihuana, probable cause already existed to search Appellant and his vehicle prior to the discovery of the first piece of "shake." *See Marsh v. State*, 684 S.W.2d 676, 679 (Tex. Crim. App. 1984); *Luera v. State*, 561 S.W.2d 497, 498 (Tex. Crim. App. [Panel Op.] 1978) (the scent of marihuana alone is sufficient probable cause to search a vehicle); *see also State v. Steelman*, 16 S.W.3d 483, 488 (Tex. App.—Eastland 2000), *aff'd*, 93 S.W.3d 102 (Tex. Crim. App. 2002) (same); *Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (same). Therefore, and contrary to Appellant's assertions, the lost pieces of "shake" were not necessary to Officer Rodriguez's probable cause determinations to search either Appellant or his vehicle. Their discovery only validated what Officer Rodriguez already knew.

Moreover, and importantly, Officer Rodriguez and Officer Risdon did collect a copious amount of evidence from Appellant's person and vehicle during their searches, including thirteen Ziploc baggies, a round container labeled "THC," nine cell phones, and a digital scale. Officer Rodriguez's entire interaction with Appellant was captured and recorded on his patrol unit's dashcam, including his actions concerning the lost marihuana crumbs. Therefore, based on the record before us and the trial court's detailed findings of fact, to which we defer, we conclude that Appellant failed to show that Officer Rodriguez acted with the intent to impair or preclude the availability of the lost pieces of "shake" as evidence in this investigation.

Because Appellant cannot show that Officer Rodriguez violated Section 37.09(a)(1) prior to[4] or during the search of Appellant's person and vehicle, we hold that the methamphetamine and drug paraphernalia that was discovered during the searches was not obtained in violation of the law. Therefore, Article 38.23(a) does not require its exclusion or suppression. As such, the trial court did not abuse its discretion when it denied Appellant's motion to suppress evidence. Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

September 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[4]In addition to his arguments concerning Section 37.09, Appellant also asserts that there was a "causal connection" between the alleged statutory violation and the acquisition of the evidence, as is required to be shown under Article 38.23(a). *See Wilson*, 311 S.W.3d at 468. Because we hold that no violation of law occurred, we do not reach this argument. *See* TEX. R. APP. P. 47.1.